435 P.2d 923

E. L. GEAR and Fern Bate Gear, husband and wife, Plaintiffs and Respondents,

v.

Robert H. DAVIS, Defendant and Appellant.

No. 10895.

Supreme Court of Utah.

Jan. 9, 1968.

Ray H. Ivie, Provo, for appellant.

J. Robert Bullock, Aldrich, Bullock & Nelson, Provo, for respondents.

HENRIOD, Justice.

Appeal from a judgment of the trial court, sitting without a jury, based on misrepresentation by the defendant manager of an auto agency, by which he induced the Gears to loan him money, ostensibly to give a sick Studebaker outlet a blood or money transfusion. Affirmed, with costs to the Gears.

Without detailing all the facts developed in a voluminous record, suffice it to say the trial court's findings and conclusions are amply supported.

This case represents a simple case in human relations, where a man, needing

money to save a failing business, over-extends himself in obtaining it from friends, and conceals the true facts. He took sanctuary in a sister state's bankruptcy court.

Davis' whole argument is not so much that he did not misrepresent, but that he did not do it in print. He urges, in substance and effect, that bankruptcy will launder oral deceptions, but not written ones. That simply suggests that one should talk a lot, write nothing, be illiterate, but highly vocal, and thus avoid responsibility, —all under Title 11, Sec. 35(a) (2), (codified Sec. 17(a) (2)) of the Federal Bankruptcy Act. We cannot buy that argument under the facts of this particular case, or the wording of that section as applied thereto. We do not subscribe to such conclusions, and we do not believe or hold that the act says exactly what the appellant says it says, as applied to this case,—some intermediate appellate court decisions from Louisiana seemingly to the contrary notwithstanding.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring).

I concur but desire to add a few words by way of clarification.

Section 14c. (3) of the Bankruptcy Act, which is U.S.C.A., Title 11, Chap. 3, Sec. 32(c) (3), as amended in 1960, provides:

The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation; * * *.

The defendant was president of a corporation engaged in the automobile business, but he did not obtain money for the corporation. He borrowed for himself and made false oral statements about the financial condition of the corporation, which business would be the source of his ability to repay, and thus he induced the plaintiffs to make various loans to him.

Section 17a. (2) of the Bankruptcy Act, which is U.S.C.A., Title 11, Chap. 3, Sec. 35(a) (2), provides:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false

statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * *.

It is to be noted that Section 14c. (3) above set out has reference to the duty of the bankruptcy court in determining whether or not to grant a discharge. It applies only to commercial men, that is, to those who engage in business and borrow money for the business. Section 17a. (2) states what effect a discharge has upon the debts of the bankrupt after he is granted the discharge. There is no conflict between the two sections whatsoever.[1] This section applies to all bankrupts and not just to those engaged in business.

It is the defendant's contention that since he did not give a false statement in writing, his debt is discharged by reason of Section 17a. (2) of the Bankruptcy Act. I think he would be correct in this contention were it not for the fact that not only did he make a false oral statement regarding the financial condition of the business concern, but he actively prevented the plaintiffs from learning of the deceit. Mr. Gear was a director of the corporation of which the defendant was president, and the defendant gave specific instructions to the secretary of the corporation not to notify Mr. Gear of board meetings when the financial condition of the corporation was to be discussed. I think this active fraud is sufficient to defeat the defendant's claim of discharge, and I therefore concur in the main opinion.

---

1. 8A C.J.S. Bankruptcy § 510, at page 1061.