**In the Matter of Nathan HERMAN, Bankrupt.**

**ROLLS TOOLS, LTD., Plaintiff-Appellee,**

**v.**

**Nathan HERMAN, Defendant-Appellant.**

**No. 79 Civ. 2720.**

United States District Court,
S. D. New York.

Aug. 6, 1980.

**5.** *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), and *United States v. Olan-* *der*, 584 F.2d 876, 883 (9th Cir. 1978).

Finley, Kumble, Wagner, Heine & Underberg, New York City, for plaintiff.

Irving Schneider, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

This is an appeal from an Order of Bankruptcy, Judge Joel Lewittes, dated May 7, 1979. The Order, granting plaintiff-appellee's motion for summary judgment, held that the debt due from the bankrupt, defendant-appellant Nathan Herman[1] ("Herman"), to plaintiff-appellee Rolls Tools, Ltd. ("Rolls"), as set forth in a judgment entered May 3, 1977 in the Supreme Court of the State of New York, New York County ("New York Supreme Court") against Herman, together with the interest that may have accrued thereon to date, was not dischargeable under § 17a(2) of the Bankruptcy Act.[2] In an opinion, dated April 3, 1979, Judge Lewittes held that Rolls, as a matter of law, i. e., on the ground of collateral estoppel, was entitled to summary judgment on the basis of the New York Supreme Court judgment entered May 3, 1977 in Rolls' favor against Herman and others after a jury trial.

### I. Facts

The instant appeal arises from certain business transactions that were the subject of prior state court litigation between the parties. On June 5, 1970, Rolls commenced an action in the New York Supreme Court against Herman and others. In an amended complaint, dated November 20, 1972, Rolls alleged, *inter alia*, in a fifth cause of action that Herman and others induced Rolls to deliver property to Herman and others based upon false representations made to Rolls by Herman and an associate, which representations were known by Herman and his associate to be false and were made with intent to deceive.

The case was tried in New York Supreme Court before a jury. During the trial, the jury heard testimony from an officer of Rolls, Herman and others. Following the trial, the jury returned a verdict in favor of Rolls on all its causes of action. Thereafter, on May 3, 1977, New York Supreme Court Justice Hilda G. Schwartz entered judgment against Herman, his associate and their corporation, Lace Art, Inc., on all causes of action.

The Order and Judgment of the New York Supreme Court was affirmed on

---

1. Nathan Herman filed a petition for voluntary bankruptcy on June 30, 1978. Under § 1(12) of the Bankruptcy Act, 11 U.S.C. § 1(12), the filing operates as an adjudication.

2. 11 U.S.C. § 523(a)(2) (Supp.1978) (formerly 11 U.S.C. § 35(a)(2) (1967)).

March 30, 1978, by the Appellate Division, First Department.[3]

The judgment was never paid, and on June 30, 1978, Herman filed with this Court a petition for voluntary bankruptcy. On September 27, 1978, Rolls commenced an action in the bankruptcy court objecting to the dischargeability of Herman's indebtedness due Rolls. Rolls' complaint alleged two causes of action. The first merely set forth the proceedings between the parties in state court. The second is virtually identical to the fifth cause of action set forth in the amended complaint filed in 1972 in the state court proceeding.[4]

On January 10, 1979, Rolls moved for summary judgment, pursuant to Bankruptcy Rule 756,[5] on the ground that because the relevant issues involved in the bankruptcy action were previously and fully litigated in the New York Supreme Court action, and adversely decided as to Herman, then on principles of *res judicata* and collateral estoppel, Herman was precluded from relitigating the same issues before the bankruptcy court; accordingly, Rolls sought as relief an order declaring the indebtedness not dischargeable under Bankruptcy Act § 17a(2).[6]

Herman cross-moved under Bankruptcy Rule 737,[7] to dismiss Rolls' complaint for failure to appear for a deposition and to produce documents, or in the alternative, for an order directing Rolls to appear for such deposition and to produce, prior thereto, the requested documents.[8] In addition, Herman cross-moved for dismissal of the action on the ground of the Statute of Frauds or, in the alternative, an order permitting Herman to amend his answer to allege, as an additional affirmative defense, the Statute of Frauds, *i. e.*, New York General Obligations Law § 5–701 (McKinney Supp.1978) and New York Uniform Commercial Code § 2–201 (McKinney 1964).

Bankruptcy Judge Lewittes, in an opinion dated April 3, 1979, (1) granted Rolls' motion for summary judgment in all respects and held that Rolls was entitled, as a matter of law, to the relief requested in its complaint; (2) denied Herman's cross-motion to dismiss the Complaint, and to amend his Answer; and (3) held that the remaining part of Herman's cross-motion seeking alternative forms of relief on the grounds of alleged pre-trial discovery defaults by

---

**3.** *Rolls Tools, Ltd. v. Herman*, 61 App.Div.2d 1145, 403 N.Y.S.2d 609 (1st Dept. 1978) (Mem.).

**4.** More specifically, the fifth cause of action alleged: (1) prior to September 5, 1968, Herman and an associate represented to Rolls, a British manufacturer of machine tools, (a) that the personal net worth of each was in excess of $1,000,000., that their corporation, Lace Art, Inc., had a similar net worth, and that this "financial standing" would be used to form and finance a business entity in the State of New York for the purpose of reselling machine tools, (b) the proposed business entity was to accumulate and purchase from Rolls a substantial inventory of machine tools for the purpose of displaying and selling the same to potential customers, (c) Herman and his associate were to pay and be personally responsible for the payment of any machine tool shipped to them or to the proposed business entity; (2) the representations set forth in (1) above were false at the time they were made, and were known or should have been known by Herman and his associate to be materially false; (3) Rolls, believing the representations of Herman and his associate to be true, shipped machine tools to Herman, his associate and others for

the price of L 37,450 sterling, or equivalent to U.S. $77,880; (4) by reason of the foregoing Rolls was damaged in the amount of $77,880.

**5.** Bankruptcy Rule 756, 411 U.S. 1084, 93 S.Ct. 3159, 37 L.Ed.2d lxxii, is the procedural counterpart of Rule 56 of the Federal Rules of Civil Procedure.

**6.** Judge Lewittes in his April 3, 1979 opinion states in footnote 9: "The particular portion of the Bankruptcy Act § 17a(2), relied upon here by plaintiff, is the exception of a debt from discharge where the debt is a liability '. . . for obtaining money or property by false pretenses or false representations . . ..'"

**7.** Bankruptcy Rule 737, 411 U.S. 1082, 93 S.Ct. 3157, 37 L.Ed.2d lxxi, is the procedural counterpart of Rule 37 of the Federal Rules of Civil Procedure.

**8.** Judge Lewittes in his April 3, 1979 opinion states in footnote 10: "Plaintiff served and filed its objections to the bankrupt's Notice to Produce Documents in accordance with Bankruptcy Rule 734, 411 U.S. 1081, 93 S.Ct. 3157, 37 L.Ed.2d lxii, Fed.R.Civ.P. 34(b)."

Rolls was rendered moot by reason of the grant of summary judgment.

On May 24, 1979, Herman appealed to this Court from Judge Lewittes' Order granting Rolls' motion for summary judgment and declaring that the debt, entered as a judgment in the New York Supreme Court, was not dischargeable.

Herman alleges the following six issues on appeal:[9] (1) Rolls waived its right to move for summary judgment since it defaulted on Herman's discovery request, i. e., failed to appear for an examination before trial; (2) Herman's motion to amend his Answer, and the issues raised therein, would have shown that the fraud alleged was dischargeable; (3) the bankruptcy court's decision failed to consider either Rolls' connection with and ownership in the New York business entity, i. e., Royce Machinery Corp. ("Royce"), or how Rolls' shipments and billings to Royce affected Rolls dischargeability claim against Herman; (4) *res judicata* and collateral estoppel should not have formed the basis of the bankruptcy court's reasoning in its decision because allegedly neither of these doctrines are relevant to the issues of dischargeability, and therefore not applicable to Rolls' motion for summary judgment; (5) the affidavit of Rolls' attorney is allegedly "pure hearsay" on the issues of the fraud or misrepresentations alleged; (6) the bankruptcy court improperly included in its Order declaring Rolls' debts not dischargeable, the sixth cause of action in the state court proceeding, i. e., a claim for $2,286.68, plus costs and interest, since no allegation of fraud was ever alleged by Rolls with respect to that claim.

## II. Court's Findings

In examining the bankruptcy court proceedings and findings, this Court must follow the standard of review set forth in Bankruptcy Rule 810, 411 U.S. 1090, 93 S.Ct. 3164, 37 L.Ed.2d lxxv,

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses."

The Court's findings on the six issues presented on appeal are as follows:

■ (1) Rolls never waived its right to move for summary judgment because it allegedly defaulted on Herman's discovery request. Under Bankruptcy Rule 737 the bankruptcy court can order sanctions for failure to make discovery; Bankruptcy Rule 737 provides, "Rule 37 of the Federal Rules of Civil Procedure applies in adversary proceedings". Federal Rule of Civil Procedure 37 provides that the ordering of sanctions is discretionary with the court. While repeated infractions or disregard for the discovery rules should not be tolerated by the court, the facts in the instant action show that the bankruptcy court chose not to impose sanctions because (a) Rolls did not disregard Herman's discovery request[10] and (b) the opinion of the bankruptcy court specifically mentions and considers Herman's discovery allegations and dismisses them based upon its finding of collateral estoppel. For these reasons, this Court finds that this part of Herman's Bankruptcy Rule 737 motion was adequately considered and properly resolved by the bankruptcy court.

■ (2) Contrary to Herman's allegation, Herman's motion to amend his Answer to Rolls' complaint to allege, as an additional affirmative defense, the Statute of Frauds, would not have changed the bankruptcy judge's decision in granting Rolls' motion for summary judgment. As Judge Lewittes stated in his opinion, and this Court agrees,

follows this same consolidated approach; nevertheless, it also is somewhat repetitious.

**9.** Herman allegedly raises forty-seven issues on appeal. The majority of these issues, as presented, are repetitious and can be consolidated into the six issues set forth above. In fact, Herman's brief on appeal to this Court

**10.** See footnote 7, *supra* at 6.

"In order to avert the inevitable grant of summary judgment here, the bankrupt asserts, by way of his present counsel's affidavit in opposition to plaintiff's instant motion, that since the bankrupt's former counsel in the state court failed to plead the Statute of Frauds there, the bankrupt should be allowed to raise that defense here. Even if we were disposed to permit an amendment to bankrupt's pleadings here to assert that defense, as state trial counsel sought to do at the last minute in the state forum, summary judgment here could not be avoided. It is clear, that with respect to an objection to discharge on the ground of "false pretenses or false representations" under Bankruptcy Act § 17a(2), "it is not necessary that the false representations be made in writing in order that the debt be excepted from discharge." 1A Collier on Bankruptcy ¶ 17.16 at 1637–8 (14 ed. 1926). See also 8 Remington on Bankruptcy § 3319 at 177 (1955); *Gear v. Davis*, 20 Utah 2d 184, 435 P.2d 923 (1968). False representations made in the form of a false financial statement, on the other hand, by the express provisions of the statute must be in writing. Bankruptcy Act § 17a(2). *Compare with* Bankruptcy Act § 14c(3), 11 U.S.C. § 32c(3)."

Opinion of Judge Lewittes, dated April 3, 1979, at 12 n. 10.

■ (3) The bankruptcy court did consider Royce Machinery Corp., contrary to Herman's allegation.[11] However, Royce was not a part of the bankruptcy appeal because the company had been severed from the state court action. The instant appeal concerns only the parties and actions involved in the state court proceeding from which Royce was severed. Accordingly, the bankruptcy court properly limited its scope of inquiry as to Royce.

(4) Herman alleges that collateral estoppel should not have formed the basis of the bankruptcy court's reasoning in its decision because allegedly collateral estoppel is not relevant to the issue of dischargeability and therefore not applicable to Rolls' motion for summary judgment. As Judge Lewittes pointed out in his opinion, "[a]lthough not addressed by the parties, we are not unmindful of the line of cases which limits the estoppel effect of prior state court findings in cases of exclusive federal jurisdiction. [footnote omitted]. *See e. g. Lyons v. Westinghouse Electric Corporation*, 222 F.2d 184 (2d Cir.), *cert. denied*, 350 U.S. 825 [, 76 S.Ct. 52, 100 L.Ed. 737] (1955) (Anti-Trust); *In re Houtman*, 568 F.2d 651 (9th Cir. 1978) (Bankruptcy) *But cf. [Becher] v. Contoure Laboratories*, 279 U.S. 388 [, 49 S.Ct. 356, 73 L.Ed. 752] (1928)." [12]

There are three major cases that the Court must consider in analyzing this issue: (1) *In re Houtman*, 568 F.2d 651 (9th Cir. 1978); (2) *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184 (2d Cir.), *cert. denied*, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955); (3) *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The Ninth Circuit Court of Appeals in *In re Houtman, supra*, examined the issue of whether the Bankruptcy Act's grant of exclusive jurisdiction to the bankruptcy court precludes a bankrupt from applying collateral estoppel in determining the nondischargeability of debts set forth in § 17a(2) of the Bankruptcy Act. *Houtman* was an appeal from a district court order affirming a bankruptcy judge's decision that a state court judgment was not dischargeable in bankruptcy. The bankruptcy judge had found that the state court judgment rested on a transaction tainted by fraud, and therefore represented a debt not dischargeable under the language of § 17(a)(2) of the Bankruptcy Act, *i. e.*, a "liability for obtaining money or property by false pretenses or false representations." The Court of Appeals stated,

"The 1970 Amendments to the Bankruptcy Act imposed upon the bankruptcy courts the exclusive jurisdiction to determine dischargeability. As we read those

---

11. See Opinion of Judge Lewittes, dated April 3, 1979, at 4.

12. Opinion of Judge Lewittes, dated April 3, 1979, at 9–10.

Amendments there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17(a)(2), (4), and (8) of the Bankruptcy Act. [footnote omitted]. This does not mean that the documents which officially enshrine the state court proceeding may not be considered by the bankruptcy judge as establishing the nondischargeability of a debt. What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8)." 568 F.2d at 653–54. The *Houtman* court went on to hold that "[a] state court judgment based on fraud is sufficient to establish a *prima facie* case that it represents a debt nondischargeable under § 17(a)(2). . . . [T]he bankrupt is entitled to rebut this *prima facie* case . . ." 568 F.2d at 655.[13]

In the instant action, under the *Houtman* holding, there was a *prima facie* case against Herman that, based on the state court judgment, Rolls' debt was not dischargeable under § 17a(2) of the Bankruptcy Act. Judge Lewittes' decision shows

that he was aware that the prior state court judgment may not foreclose the nondischargeability question, and that he was required to make an independent determination whether the judgment represented a "liability for obtaining money or property by false pretenses or false representations" under § 17a(2) of the Bankruptcy Act, based upon the state court record, and upon the papers before him in the bankruptcy proceeding. Judge Lewittes did not *ipso facto* accept the state court findings as to fraud. Rather, he made his own independent and extensive examination of the state court record, and thereafter applied federal law to the state court findings of fact. The analysis of the bankruptcy court included a comparison of the elements of proof necessary to prove a cause of action for fraud under state law with the five elements to be proven by a party seeking to have a debt declared not dischargeable under § 17(a)(2) of the Bankruptcy Act.[14] In his evaluation of the state court pleadings, evidence and jury charge, Judge Lewittes determined that the charge to the jury "wholly comported with the essential elements of both a state cause of action for fraud and deceit and those required to be proved, by the plaintiff, in an action for the nondischargeability of a debt under § 17(a)(2) of the Bankruptcy Act."[15] Accordingly, Judge

---

**13.** The Fourth and Fifth Circuits have also held that the application of collateral estoppel to a dischargeability proceeding disregards the exclusive jurisdiction of the bankruptcy court and that while the bankruptcy court may consider the state court judgment and record as evidence of dischargeability, it must also consider any other relevant extrinsic evidence. *Carey Lumber Co. v. Bell,* 615 F.2d 370, 377–78 (5th Cir. 1980); *In re Pigge,* 539 F.2d 369, 370 (4th Cir. 1976).

**14.** In *Jo Ann Homes v. Dworetz,* 25 N.Y.2d 112, 119, 250 N.E.2d 214, 217, 302 N.Y.S.2d 799, 803 (1969), the New York Court of Appeals held that a plaintiff, to prove fraud and deceit under New York law, must show that the defendant (a) made a representation of fact, (b) which is untrue and known to be untrue or recklessly made, and (c) which is offered to deceive the other party and to induce him to act upon it, causing injury.

The five elements to be proven by a party seeking to have a debt declared nondischarge-

able under Bankruptcy Act § 17a(2) are (1) the debtor made the representations, (2) at the time he knew they were false, (3) that he made them with the intention and purpose of deceiving the creditor, (4) that the creditor relied on such representations, and (5) that the creditor sustained damage as a proximate result of the representations having been made. *Matter of Nelson,* 561 F.2d 1342, 1346 (9th Cir. 1977), quoting *In Re Taylor,* 514 F.2d 1370 (9th Cir. 1975). *See also* Opinion of Judge Lewittes, dated April 3, 1979, at 7 n. 11.

**15.** Opinion of Judge Lewittes, dated April 3, 1979, at 8.

The bankruptcy judge in *In re Houtman, supra,* reviewed the complaint, the jury charge, and the judgment contained in the state court record, and subsequently compared the law as charged in the state court with the elements for proving nondischargeability under federal bankruptcy law. The Ninth Circuit Court of Appeals sustained the bankruptcy judge's find-

Lewittes concluded, "My examination of the pleadings, evidence and charge in the state court action convinces me that the jury, on the evidence presented to it, and on the law as charged by the court, could, and did, rationally find facts adequate to hold for the plaintiff on its fraud and deceit cause of action, which, as noted earlier, tracks those acts sufficiently, in my judgment, to bar a discharge under Bankruptcy Act § 17a(2)." [16]

In *Lyons v. Westinghouse Electric Corp., supra,* an anti-trust action, this Circuit's Court of Appeals refused to give collateral estoppel effect to a state court finding of no anti-trust violation because of the need for "an untrammeled jurisdiction of the federal courts." 222 F.2d at 189. However, as Judge Lewittes noted in his opinion,

"Judge Learned Hand, in *Lyons, supra,* formulated the rule that in cases involving exclusive federal jurisdiction, preclusive effect should be restricted to the 'constituent facts' found in the state court proceeding but should not extend to other 'congeries of such facts' (*id.* at 188), *i. e.,* the application of law to fact. [footnote omitted].

Our analysis here is not at war with the *Lyons* rule: we have done no more than apply estoppel to the state findings of fact with respect to plaintiff's fraud and deceit action and independently applied those facts to reach our determination that the bankrupt's liability here to plaintiff is not dischargeable. [footnote omitted]. To hold otherwise, in my view would fly in the face of the dual purpose of collateral estoppel: '. . . protecting litigants from the burden of relitigating on identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation. . . .' *Parklane Hosiery Co., Inc. v. Shore,* [439 U.S. 322, 326,] 99 S.Ct. 645, 649 [, 58 L.Ed.2d 552] (1979) [footnote omitted]."

Opinion of Judge Lewittes, dated April 3, 1979, at 10–12. Judge Lewittes, in making this determination, stated that the bankruptcy court's "approach does not, in any manner, frustrate or dissipate the objectives of the 1970 amendments to Section 17 of the Bankruptcy act," and "[t]o countenance relitigation here, under the circumstances present in this case, simply because this Court is vested with exclusive jurisdiction to determine the nondischargeability of the debt here, would merely exalt form over substance, totally dilute the efficacy of the theory of collateral estoppel, and result in an abandonment of 'good sense.' " Opinion of Judge Lewittes, dated April 3, 1979, at 12 n. 18 and 12 n. 19. This Court finds that the bankruptcy court, in reaching its decision, applied the correct legal standards. The bankruptcy court properly limited its application of collateral estoppel in accordance with the *Lyons* rule, and additionally complied with the independent review required by the *Houtman* decision.

The final case that must be considered is *Brown v. Felsen, supra.* In *Brown,* a state court collection suit was settled by stipulation which provided that a guarantor should have judgment against the debtor. Shortly thereafter, the debtor, an automobile dealer, filed a petition for voluntary bankruptcy and sought to have his debt to the guarantor discharged. In the bankruptcy court, the guarantor sought to establish that the debt was not dischargeable, and that it was the product of debtor's fraud, deceit, and malicious conversion, and therefore came within § 17a(2) and a(4) of the Bankruptcy Act. The debtor answered and moved for summary judgment, stating that the prior state court proceeding did not result in a finding of fraud, and contending that *res judicata* barred relitigation of the nature of the debt, even though the application of § 17 had not been in issue in the prior state proceeding. In fact, neither the stipulation

---

ings despite his failure to consider the state trial transcript. 568 F.2d at 654–55. In the instant action, Judge Lewittes examined not only the state court record, but also the trial transcript.

**16.** Opinion of Judge Lewittes, dated April 3, 1979, at 9.

nor the resulting state court judgment indicated the cause of action on which the debtor's liability to the guarantor was based. The United States Supreme Court, in rejecting debtor's argument that *res judicata* should be applied, held that the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of a debt. The Court stated,

> "Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry. . . . [A] careful inquiry reveals that neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing [guarantor] from submitting additional evidence to prove his case."

442 U.S. at 132, 99 S.Ct. at 2209–10.

The *Brown* case is clearly distinguishable from the instant action for several reasons. Unlike *Brown*, the fraud issue was litigated in the state court proceeding; both sides, represented by counsel, were given ample opportunity to present their arguments. Fraud and deceit were specifically pled as a cause of action. The jury was fully instructed as to the essential elements of proof necessary to sustain a state cause of action for fraud. The jury's verdict and subsequent judgment was specific on every cause of action and the amount of damages for each. Further, unlike *Brown*, the bankruptcy court in the present action was confronted with the application of collateral estoppel, not *res judicata*. The Court in *Brown* noted that the application of the collateral estoppel doctrine, as opposed to *res judicata*, may indeed require a different result:

> "This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated

previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 59 L.Ed.2d 645 (1979); *Cromwell v. County of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877). If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court. Because [debtor] does not contend that the state litigation actually and necessarily decided either fraud or any other question against [guarantor], we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17 question should give collateral-estoppel effect to a prior state judgment. In another context, the Court has held that a bankruptcy court should give collateral-estoppel effect to a prior decision. *Heiser v. Woodruff*, 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946). The 1970 amendments to the Bankruptcy Act, however, have been interpreted by some commentators to permit a contrary result. See 1A J. Moore, J. Mulder, & R. Oglebay, Collier on Bankruptcy § 17.16[6], p. 1650.2 (14th ed. 1978); Countryman, The New Dischargeability Law, 45 Am.Bankr.L.J. 1, 49–50 (1971). But see 1 D. Cowans, Bankruptcy Law and Practice § 253 (1978)."

442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. In accordance with the standards espoused in *Brown*, and based on Judge Lewittes' independent application of the elements of proving a debt not to be dischargeable under § 17a of the Bankruptcy Act to the state court findings concerning Rolls' state fraud and deceit judgment, this Court holds that the bankruptcy court's finding of a sufficient "identity of standards" as to warrant a limited application of the collateral

estoppel doctrine was proper.[17] Accordingly, this Court affirms the bankruptcy court's order granting Rolls summary judgment and holding Herman's debts not dischargeable.

■ (5) Herman's allegation that the affidavit of Rolls' attorney is "pure hearsay" is without merit. The affidavit is made upon personal knowledge, and the facts alleged are supported by the record.

■ (6) Contrary to Herman's allegation, Rolls' requested relief in both its Complaint in the bankruptcy court and its summary judgment motion was that the total indebtedness due Rolls, including the $2,286.68 claim which was the sixth cause of action in the state court proceeding, be declared not dischargeable. A review of the amended complaint in the state court action indicates that the sixth cause of action grew out of the basic factual allegations contained in paragraphs 24 through 26 of the amended complaint, i. e., alleged information regarding the financial standing of Herman, his associate, and Lace Art. In addition, the sixth cause of action was considered by the jury and both a verdict and judgment were entered on Rolls' behalf. Although not specifically discussed by the bankruptcy judge in his opinion, this Court finds that the bankruptcy court was aware of this debt, based on its review of the entire state court record, evidence and jury charge, and that this debt was covered by the bankruptcy court's April 3, 1979 opinion granting Rolls the total relief requested in its motion for summary judgment.

### III.  Conclusion

For the above-mentioned reasons, this Court affirms the findings of the bankruptcy court, as set forth in the opinion of bankruptcy Judge Lewittes, dated April 3, 1979.

It Is So Ordered.

---

17. After considering the above footnote in *Brown*, the Third Circuit recently promulgated in *In re Ross*, 602 F.2d 604 (3d Cir. 1979), a four part test to determine when the collateral estoppel doctrine bars relitigation of the dischargeability issue. In order to bar relitigation the bankruptcy court would have to find: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment, and (4) the determination must have been essential to the final judgment." *Id.* at 608, citing *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976). The *Ross* court refers to this test as the *Haize* standards. In the instant action, the opinion of Judge Lewittes supports a finding that the *Haize* standards were satisfied: (1) Judge Lewittes found that the elements to prove a debt declared nondischargeable under § 17a(2) are virtually identical to those elements of a state cause of action for fraud and deceit. Opinion of Judge Lewittes, dated April 3, 1979, at 7–8; *See* footnote 13 and accompanying text *supra* at 16; (2) Judge Lewittes also found that the state court jury's verdict was supported by adequate facts and that the issue in question was actually litigated. Opinion of Judge Lewittes, dated April 3, 1979, at 8–9; (3) Likewise, the issue was determined by the jury and state court judgment. Opinion of Judge Lewittes, dated April 3, 1979, at 9; (4) Finally, the opinion of Judge Lewittes shows that he found the determination of fraud and deceit essential to the prior state court judgment. He carefully refuted the bankrupt's attempt to bar application of collateral estoppel on the ground that the state court judgment asserted only a liability for a sum of money due. *See* Opinion of Judge Lewittes, dated April 3, 1979, at 8 n. 13.