In re Fergus M. SLOAN, Debtor.

William F. WIESE, Plaintiff,

v.

Fergus M. SLOAN, Defendant.

Bankruptcy No. 880–08027–18.
Adv. No. 881–0251–18.

United States Bankruptcy Court,
E. D. New York.

April 2, 1982.

Gold, Farrell & Marks, New York City, for plaintiff.

Gusrae, Kaplan, Lowy, Bruno, Freedman & May, New York City, for debtor-defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Fergus M. Sloan (debtor) filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on December 31, 1980. William F. Wiese (plaintiff) was listed as an unsecured creditor based on a judgment held by Wiese in the amount of $184,610.47 obtained in a prior federal court action, *N. Y. Stock Exchange, Inc. v. Fergus M. Sloan*, S.D.N.Y. 71. Civ. 2912 (VLB) (*N. Y. Stock Exchange*).

Wiese filed a proof of claim with respect to this judgment on or about March 26, 1981. Wiese commenced an adversary proceeding in the Sloan bankruptcy on March 30, 1981.

Plaintiff seeks summary judgment on the issue of the nondischargeability of this debt on the ground that debtor is collaterally estopped from relitigating the issue of fraud determined in *N. Y. Stock Exchange*.

Debtor contends that it is not so estopped because there are material issues of fact which were not determined at the prior trial. Debtor further contends that it did not fully participate in the action and that plaintiff, in effect, received judgment by default.

## FACTS

The following facts were determined in *N. Y. Stock Exchange*.

Sloan was a general partner of Orvis Brothers & Co. brokerage house. He was managing partner and principal executive of the firm. Wiese was a limited partner and a customer of the firm. Wiese's limited partner investments were made for one year periods renewable at his option.

During the period when Sloan was general manager, Orvis began to encounter financial difficulties due in part to large withdrawals of capital by retiring partners. Various fictitious accounts were created

and fraudulent transactions entered on the books. These financial records were then given to the independent auditor, Haskins & Sells, and to plaintiff Wiese. These fraudulent transactions and concealed violations of Rule 325 of the Exchange dealing with the allowable ratio of aggregate indebtedness to net capital were not detected by Haskins & Sells.

Wiese relied on the misrepresentations of Orvis Brothers in renewing his investment and in maintaining his customer account.

In *N. Y. Stock Exchange*, Judge Broderick charged the jury that in order to find the defendant guilty of common law fraud, the following would have to be established by clear and convincing evidence:

(1) That Orvis made misrepresentations, statements containing false representations or omitting facts which were necessary to make the statement true.

(2) That the representations or omissions were material.

(3) That Orvis knew the statements to be false and they were made with the intent to deceive Mr. Wiese, or Orvis recklessly asserted their truth without knowing they were true or false and intended Mr. Wiese to rely on them.

(4) That Mr. Wiese reasonably relied and was deceived.

(5) That the false statements were the proximate cause of injury to Mr. Wiese.

The jury returned a special verdict determining the guilt or innocence of each individual defendant. Subsequently, Mr. Wiese obtained judgment against the five Orvis partners including Fergus M. Sloan.

*N. Y. Stock Exchange* was commenced in 1971 but did not actually come to trial until nine years later in 1980. The trial itself lasted nine weeks. Sloan served an answer to the complaint, gave depositions and began to litigate, but ceased to take part in the last five years of the action due to the lack of financial resources.

In 1975, while the *N. Y. Stock Exchange* action was still pending, Sloan pleaded guilty to reporting violations, *See, United States v. Sloan*, S.D.N.Y. 74 Cr. 859 (WK), and served a jail sentence of one year plus one day.

ISSUE

In an action for nondischargeability based on 11 U.S.C. § 523 of the Bankruptcy Code, should summary judgment be granted by the application of collateral estoppel predicated on a prior federal court judgment in which debtor was found liable for common law fraud?

11 U.S.C. § 523 of the Bankruptcy Code states in pertinent part:

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(2) for obtaining money, property, services or an extension, renewal, or refinance of credit by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

The function of summary judgment is to avoid useless litigation. The Court may grant a party's motion for summary judgment when there is no genuine issue as to any material fact. 6 Moore's Fed.Pract. 56.16[1–0].

Moreover, "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . ." *Matter of McMillan*, 579 F.2d 289, 291 (3d Cir. 1978), quoting *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976).

The definition of collateral estoppel in *McMillan* is directly applicable to the facts before us. *McMillan* states:

There are four requirements which must be met before collateral estoppel effect can be given to a prior action:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) that issue must have been actually litigated;

(3) it must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment. *Id.* at 291–292.

In the present action all four of the requirements have, in fact, been met. The issue of fraud, as charged in the prior action and as defined in 11 U.S.C. § 523(a), is virtually the same in both actions. The issue was actually litigated. The final judgment was valid and the determination of the issue of fraud was essential to the prior judgment.

Nevertheless, an examination of the case law is necessary to determine the applicability of collateral estoppel in the particular context of bankruptcy-dischargeability questions.

The law in this Circuit as to the applicability of collateral estoppel to dischargeability questions is discussed comprehensively in two recent cases, *Rolls Tools Ltd. v. Herman*, 6 B.R. 352 (1980), and *Bishop v. Greenblatt*, 8 B.R. 994 (Bkrtcy.1981).

In *Matter of Herman*, the Court carefully analyzed the applicability of collateral estoppel to cases of exclusive federal jurisdiction such as bankruptcy. In *Herman*, the Court granted summary judgment after close scrutiny of the transcripts of the prior proceeding. Judge Lewittes found that collateral estoppel could be applied without conflicting with prior decisions which limited the applicability of this doctrine to dischargeability questions.

In his analysis, Judge Lewittes examined three cases which bear directly on the issue presented here.

The first case, *In re Houtman*, 568 F.2d 651 (9th Cir. 1978) examined the issue of exclusive jurisdiction of the bankruptcy courts over determinations of dischargeability. That case, decided under the Bankruptcy Act, held that there was no room for the technical doctrine of collateral estoppel in determining dischargeability. However, it held open the door for judicial review of the prior proceedings to determine dischargeability. In other words, a judgment itself would be insufficient to invoke collateral estoppel and thus determine the outcome of dischargeability. However, the documents and records of the prior action when reviewed by the bankruptcy judge may be sufficient to warrant a determination of the outcome.

*Houtman* further held that a prior judgment is sufficient to establish a *prima facie* case which is rebuttable by defendant.

The Court in *Herman* did not apply collateral estoppel based on the prior judgment. Judge Lewittes made an independent determination of nondischargeability based on the entire record of the prior action, as required by *Houtman*. After having determined that the elements of proof and the burdens of proof which were necessary in both the prior action and the bankruptcy action were identical, Judge Lewittes made a determination of nondischargeability. His application of the rationale expounded in *Houtman* was upheld on appeal. Both *Houtman* and *Herman* require examination of the record by the bankruptcy court before granting a motion for summary judgment.

The second case examined in *Matter of Herman*, and directly applicable to the present action, is *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184 (2d Cir. 1955), cert. denied, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737.

In *Lyons*, the Court of Appeals for the 2nd Circuit, in an opinion by Judge Learned Hand, refused to give collateral estoppel effect to the prior judgment. Only the facts involved could be examined and given preclusive effect, not the judgment itself.

The third case discussed in *Matter of Herman* is the Supreme Court case *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), in which the Court held the doctrine of *res judicata* was inapplicable to bankruptcy determinations. The Court specifically left unanswered the applicability of collateral estoppel, citing support both for its application in bankruptcy contexts and for the opposing view.[1]

In *Matter of McMillan, supra,* the Third Circuit affirmed the bankruptcy judge's decision that he was bound to ascertain for himself that the requirements for an exception to dischargeability were sufficiently satisfied rather than make a determination based solely on the existence of a prior judgment.

These cases indicate that the correct approach when faced with the applicability of collateral estoppel is to review the prior action's records carefully rather than simply apply the prior judgment and collaterally estop relitigation as a matter of law.

In *In re Greenblatt,* 8 B.R. 994, decided by this Bkrtcy. Court in 1981, the record of the prior action was examined to determine that each of the elements required under the Code for nondischargeability was satisfied before the Court would estop a party from relitigating.

Applying the approach set forth in *Herman* and *Greenblatt,* this Court is obligated to review the record of *N. Y. Stock Exchange.*

An examination of this record indicates that there is ample support for plaintiff's motion for summary judgment. The prior action, *N. Y. Stock Exchange* involved the same parties, judgment was by a jury on the issue of fraud, judgment was not entered pursuant to a default by debtor and plaintiff proved its case by clear and convincing evidence.

The jury charge set forth five elements of fraud which parallel the elements necessary for a determination of nondischargeability under 11 U.S.C. § 523(a)(2) of the Bankruptcy Code.

The judgment by Judge Broderick sets forth specifically the liability of each party. It is accompanied by a record of exactly what facts were established against each defendant.

It is clear from the record that a jury found Fergus Sloan guilty of common law fraud, the elements of which would be the basis of any new litigation should summary judgment be denied. The adversary proceeding before this Court would be a duplication of the prior action. Collateral estoppel will prevent undue burden to plaintiff and to this Court.

In conclusion, the Court finds that the elements of fraud which were proven in *N. Y. Stock Exchange* are sufficient to meet the test of 11 U.S.C. § 523(a)(2).

Accordingly, plaintiff's motion for summary judgment is hereby granted.

---

1. While this court is aware of the recent decision in *In re Day,* 4 B.R. 750 (S.D.Ohio W.D. 1980) which interprets the *Brown* case to preclude collateral estoppel as well as res judicata when applied to bankruptcy dischargeability questions, this court does not find the rationale of *In re Day* persuasive when applied to the factual situation before it.