In re Lee SCHWARTZ, Debtor.

Virgilio MORENO, Plaintiff,

v.

Lee SCHWARTZ, Defendant.

Bankruptcy No. 883–31038–18.
Adv. No. 883–0684–18.

United States Bankruptcy Court,
E.D. New York.

Jan. 13, 1984.

Lynch, Rowin, Burnbaum & Crystal, New York City, for plaintiff/creditor.

Bernstein, Hurley & Shank, Mineola, N.Y., for debtor/defendant.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Creditor, Virgilio Moreno ("creditor"), commenced an adversary proceeding against the debtor, Lee Schwartz ("debtor"), on August 8, 1983 seeking a determination that the debt owed to him was non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Creditor brings this motion for summary judgment under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) pursuant to Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure on the grounds that the factual issues underlying each of the causes of action have been established at a trial between the parties previously conducted in a state court proceeding.

## FACTUAL CONTEXT

In June 1980, creditor was introduced to debtor, who claimed that he was able to establish creditor in a retail and commercial laundry business by *inter alia* selling him necessary machinery and equipment, procuring financing through a lending institu-tion, finding a suitable location from which to operate and putting the plant in opera-tion. Debtor notified creditor that it would be necessary for creditor to deliver to him the sum of $42,500.00 as evidence to the lending institution of creditor's financial commitment to the venture. This money was to be utilized as a down-payment for certain laundry equipment by debtor but was to be returned in the event that suit-able financing could not be procured, or that suitable rental space could not be found, such suitability to be determined by creditor's attorney. Creditor deposited the required sum of $42,500.00 with the debtor which sum was immediately commingled with the general funds of Valet Industries Products, Inc. ("VIP"), a corporation of which debtor was president and a share-holder, and consequently used to pay gener-al expenses of that company.

Creditor's application for financing was eventually rejected by the lending institu-tion premised upon the fact that creditor's former employer had obtained a prelimi-nary injunction enjoining creditor's opera-tion of a laundry business. Following this rejection, creditor demanded the return of his money from VIP. Five thousand dollars of the $42,500.00 had already been returned. Demands for the balance were ignored. VIP later ceased operating.

Creditor commenced an action against debtor and VIP in the Supreme Court of the State of New York, County of Nassau. The state court rendered judgment against defendants, piercing the corporate veil to find debtor personally liable. Creditor's motion for summary judgment is predicated upon the assertion that the state court has made all findings necessary to determine the factual issues herein and that such find-ings collaterally estop the debtor from relit-igating these issues.

## INCONSISTENCY BETWEEN COM-PLAINT AND MOTION FOR SUMMARY JUDGMENT

Creditor has moved for summary judg-ment with respect to two causes of action not set forth in its complaint, to wit, under 11 U.S.C. § 523(a)(4) and 11 U.S.C.

§ 523(a)(6). Thus, an initial determination need be made as to whether a request for relief on the above statutory grounds is properly before this court in light of the limited scope of the complaint.

■ In *National Agr. Chemicals Ass'n. v. Rominger,* 500 F.Supp. 465, 473 (E.D.Ca. 1980), the court stated "when deciding a motion for summary judgment the court may evaluate not just the issues presently tendered by the pleadings but those which can reasonably be raised in an amended pleading." The case of *In re Zweibon,* 565 F.2d 742, 747 n. 20 (D.C.Cir.1977), articulates the proposition that "it is now settled that the process of amendment may be *initiated* by presentation of an issue for the first time in a motion for summary judgment." *Accord* C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2722 at 46 (1983); *see also Seabord Terminal Corporation v. Standard Oil Co.,* 104 F.2d 659 (2d Cir.1939). Guided by these authorities, the court will consider creditor's motion on each of the three statutory grounds.

## APPLICATION OF DOCTRINE OF COLLATERAL ESTOPPEL

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Kraftsman Container Corporation v. Finkelstein,* 461 F.Supp. 245 (E.D.N.Y.1978). Plaintiff invokes the doctrine of collateral estoppel in asserting that there are no genuine issues to be decided in light of the state court's findings of fact.

■ This court has held in *In re Greenblatt,* 8 B.R. 994 (Bkrtcy.E.D.N.Y.1981) and in *In re Graziano,* 35 B.R. 589 (Bkrtcy.E.D.N.Y.1983), relying upon *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), that the doctrine of *res judicata* is inapplicable to a bankruptcy proceeding to determine the dischargeability of a debt.

*See In re Dohm,* 19 B.R. 134, 6 C.B.C.2d 577 (W.D.Ill.1982); *In re Spector,* 22 B.R. 226 (Bkrtcy.N.D.N.Y.1982); *In re King,* 7 B.R. 835, 7 B.C.D. 41 (Bkrtcy.N.D.Ga.1980).

■ Moreover, this court has held, in reliance upon the decision of Judge Learned Hand in *Lyons v. Westinghouse Electric Corp.,* 222 F.2d 184 (2d Cir.1955), *cert. denied,* 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955), that the judgment obtained in a prior state court proceeding may not be given collateral estoppel effect in a subsequent dischargeability hearing. The doctrine of collateral estoppel may only properly be applied to the facts underlying the judgment, and then, only upon the requisite showing. *In re Sloan,* 18 B.R. 1021 (Bkrtcy. E.D.N.Y.1982); *accord In re Herman,* 6 B.R. 352 (S.D.N.Y.1980).

■ Four criteria must be met before collateral estoppel effect may be given to factual issues underlying a prior action:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) that issue must have been actually litigated;

(3) it must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*In re Ross,* 602 F.2d 604, 608 (3d Cir.1979); *In re McMillan,* 579 F.2d 289, 291–292 (3d Cir.1978); *Haize v. Hanover Ins. Co.,* 536 F.2d 576, 579 (3d Cir.1976).

## THE ELEMENT OF INTENT UNDER 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6)

Creditor is seeking a determination of nondischargeability on the alternative grounds set forth in § 523(a)(2)(A), (a)(4) and (a)(6). Section 523 provides in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; [or]

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

■ A determination of nondischargeability predicated on the relevant portions of either of the three subsections requires a finding of deliberate and intentional wrong.

■ A cause of action to determine the dischargeability of a debt incurred through false pretenses, false representations or actual fraud under § 523(a)(2)(A) requires proof *inter alia* that the debtor fraudulently and intentionally made representations with knowledge of their falsity. Fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. *In re Greenblatt citing Neal v. Clark,* 95 U.S. 702, 24 L.Ed. 586 (1887); *accord In re Houtman,* 568 F.2d 651 (9th Cir.1978); *In re Barrett,* 2 B.R. 296 (Bkrtcy. E.D.Pa.1980).

A cause of action under § 523(a)(4) encompasses debts arising out of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. This section has been broadened from its predecessor section 17(a)(4) under the "Bankruptcy Statute of 1898" ("Act") in that the phrase "while acting in a fiduciary capacity" does not qualify the term embezzlement, or the newly created category of larceny, and hence, is applicable to nonfiduciaries. *In re Graziano,* 35 B.R. 589 at 593–94 (Bkrtcy.E. D.N.Y.1983); *In re Carlton,* 26 B.R. 202 (Bkrtcy.M.D.Tenn.1982); *In re Crook,* 13 B.R. 794, 4 C.B.C.2d 1451 (Bkrtcy.D.Me. 1981); 3 *Collier on Bankruptcy,* ¶ 523.-14[1][C] at 523–98 (15th ed. 1983).

■ In order to come within that portion of § 523(a)(4) applicable to fiduciaries, creditor must prove the debtor was acting as a fiduciary as defined by federal law. *See Matter of Angelle,* 610 F.2d 1335 (5th Cir.

1980). "The term 'fiduciary' has been limited by the courts to apply only to express or technical trusts and not to trusts imposed ex-maleficio." *In re Paley,* 8 B.R. 466, 469, 3 C.B.C.2d 648 (Bkrtcy.E.D.N.Y.1981); *see also Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510, 511 (2d Cir.1937). The fiduciary relationship must have existed previous to or independent of the particular transaction from which the debt arises. *In re Paley,* 8 B.R. at 469, 3 C.B.C.2d at 650; *Davis v. Aetna Acceptance Co.,* 293 U.S. at 334, 55 S.Ct. at 154. There is no evidence before the court that there existed a fiduciary relationship between the parties as defined in § 523(a)(4) and interpretative case law.

■ With respect to the remaining categories under 523(a)(4), larceny and embezzlement, a necessary element of either is fraudulent intent. *In re Graziano; In re Williams,* 2 C.B.C.2d 796, 7 B.C.D. 45 (Bkrtcy.W.D.Va.1980); *see Moore v. United States,* 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895).

■ A debt is nondischargeable under § 523(a)(6) if it arose as the consequence of willful and malicious injury by the debtor to the creditor or his property. *In re Katz,* 20 B.R. 394 (Bkrtcy.D.Mass.1982); 3 *Collier on Bankruptcy,* ¶ 523.16 at 523–117 (15th ed. 1983). This cause of action would subsume a claim for willful and malicious conversion. *Id.* at 523–120. The relevant legislative history indicates that a debtor's conduct need be deliberate and intentional, not merely negligent and inadvertent, before a resultant debt incurred will be declared nondischargeable. H.Rep. No. 95–595, p. 365, U.S.Code Cong. & Admin.News 1978, p. 5787; *see In re Katz* at 397.

REVIEW OF NEW YORK STATE SUPREME COURT DECISION

After review of the decision of New York State Supreme Court Judge Murphy rendered after full trial without a jury, this court finds that no clear and unambiguous

factual determination was made as to whether debtor was guilty of intentional wrongdoing, such intent being essential to creditor's proof under either 523(a)(2)(A), 523(a)(4) or 523(a)(6).

Judge Murphy advances several legal theories which either together or individually justify the piercing of the corporate veil to impose liability on the debtor directly: a) an officer of a corporation who commingles funds entrusted to him for circumscribed purposes is directly liable for such conduct, Transcript of Decision dated March 23, 1983 ("Tr.") at 7, 15, 16, 26, 27; b) an officer of a corporation who "dominates" the corporation and uses it as an "instrumentality" is personally liable for the corporation's obligations, *Id.* at 29; c) a corporate officer who participates in the commission of a tort may ordinarily be held personally liable, *Id.* at 25; and d) when a corporation is used to defraud creditors this will constitute a basis for imposing liability for such fraud directly upon the corporate officers. *Id.* at 11, 12, 22, 29.

Judge Murphy makes the following recital to support the imposition of direct liability on debtor:

Whether I find this on fraud, via the analysis of deception which I gave you before; or whether I find that this was an officer or officers of a corporation, using this corporation as an instrumentality, not subject to the corporation, dominating a corporation, where they had this corporation evade its obligation, use money improperly, and then reject a reasonable request for reimbursement of monies deposited, the role of Mr. Schwartz, here, is beyond any defense. *Id.* at 29.

Reasonably construed, Judge Murphy is positing two legal tenets, each of which would support his finding of debtor's liability. However, neither the "instrumentality" rule nor the "fraud" or "deception" rule requires the court to make a finding that debtor was guilty of an intentional wrong.

The instrumentality rule to which Judge Murphy refers, *Id.,* is clearly set forth in *Brunswick Corp. v. Waxman,* 459 F.Supp. 1222, 1229 (E.D.N.Y.1978), *affirmed* 599 F.2d 34 (2d Cir.1979), *citing Lowendahl v. Baltimore & O.R. Co.,* 247 App.Div. 144, 287 N.Y.S. 62, *affirmed* 272 N.Y. 360, 6 N.E.2d 56 (1936):

Under the "instrumentality" rule, the factors which determine whether the corporate veil should be withdrawn are (1) domination and control over the corporation by those who are to be held liable which is so complete that the corporation has no separate mind, will, or existence of its own; (2) the use of this domination and control to commit fraud or wrong or any other dishonest or unjust act; and (3) injury or unjust loss resulting to the plaintiff from said control and wrong.

The second element is satisfied if the person or persons dominating the corporation engage in fraud or wrongful, dishonest or unjust conduct. Thus, it is not essential that such person or persons implicated be guilty of an intentional tort.

The second legal basis articulated by the state court judge, that of fraud or deception, is not supported by a finding of intentional fraud as is required to satisfy 11 U.S.C. § 523(a)(2)(A). *See In re Davis,* 11 B.R. 156 (Bkrtcy.D.Vt.1980); *see also Davison-Paxon Co. v. Caldwell,* 115 F.2d 189 (5th Cir.1941), *cert. denied* 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941); *In re Wood,* 571 F.2d 284 (5th Cir.1978).

Judge Murphy makes the following findings in characterizing the assurances made by debtor to creditor to obtain the good faith deposit of funds:

[such assurances were] not intended to deceive, but they were intended to secure reliance ... such promises ... have an air about them of deceit and only part of the case, part of the message; and if we go through life delivering only suggestions, rather than the whole truth and nothing but the truth to people, why we can get away with a lot. And whether we do it with good intention or bad intention is a very close question. Tr. at 11, 12.

The fair implication from the preceding excerpt from the state court decision is that

the trial judge expressly wrestled with the question of debtor's intent and was unable to conclude that debtor intentionally made false representations.

Judge Murphy also reached the conclusion that debtor was guilty of a conversion. He states: "And so there was a conversion here, indeed if I have to use that legal terminology. There certainly was a taking, no matter what you call it, in one branch of the law or another." *Id.* at 33. However, the Judge's findings again fall short of the conclusion that the conversion was undertaken "deliberately and intentionally in knowing disregard of the rights of another" as is required under § 523(a)(6). *See Bennett v. W.T. Grant Company*, 481 F.2d 664 (4th Cir.1973), *In re Grace*, 22 B.R. 653 (Bkrtcy.E.D.Wis.1982).

The failure of the state court to make findings of the requisite scienter necessary to support a determination of nondischargeability under either § 523(a)(2)(A), 523(a)(4) or 523(a)(6) precludes the granting of creditor's motion for summary judgment. "It is well settled that on a motion for summary judgment, the court is not empowered to 'try' issues of fact; it can only determine whether there are issues to be tried." *Kraftsman Container Corp. v. Finkelstein*, 461 F.Supp. at 249, *citing American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir.1967).

Accordingly, creditor's motion for summary judgment is denied.

It is SO ORDERED.