**In re Arnold WHITMORE, Debtor.**

**Sheri P. KING, Plaintiff,**

**v.**

**Arnold P. WHITMORE, Defendant.**

**Bankruptcy No. 80–0322A.**
**Adv. No. 80–0259A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Dec. 23, 1980.

Bensonetta Tipton Lane, Atlanta, Ga., for Sheri P. King.

Arnold P. Whitmore, pro se.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

Plaintiff's motion for summary judgment brings the matters herein before the Court. Having considered the motion, the briefs and documents submitted and the pleadings on file the Court makes the following entry.

## FINDINGS OF FACT

1. Arnold P. Whitmore, (hereinafter referred to as "Debtor"), filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on February 1, 1980.

2. This adversary proceeding was commenced by a complaint filed by Sheri P. King, (hereinafter referred to as "Plaintiff"), to determine the dischargeability of a judgment debt.

3. In proceedings brought by Plaintiff against Debtor in the State Court of Fulton County, Plaintiff was awarded judgment of $2,200.00. The complaint filed by Plaintiff in this action alleged, among other things, that Debtor intentionally converted funds in the amount of $2,200.00 which had been entrusted to Debtor by Plaintiff. The parties waived reporting of the case by a court reporter and waived the statement of findings of fact and conclusions of law by the trial judge.

4. Plaintiff contends that the judgment debt is nondischargeable under parts (2)(A) and (4) of 11 U.S.C. § 523, subsection (a). It is alleged that Debtor fraudulently converted funds Plaintiff had delivered to him to be invested on Plaintiff's behalf.

5. In his answer to Plaintiff's complaint, Debtor alleges that the debt in question arose from a joint venture approved by Plaintiff. Debtor alleges that the joint venture was unsuccessful due to the failure of a contractor to complete work contracted for by the joint venture.

6. Plaintiff filed a motion for summary judgment and a statement of facts as to which she contends there are no issues to be tried on June 18, 1980. It is her position that Debtor is barred by the doctrine of collateral estoppel from relitigating in the bankruptcy court the issues presented in this case.

## APPLICABLE LAW

In her complaint, Plaintiff contends that the judgment debt owed to her by Debtor is nondischargeable under parts 2(A) and (4) of 11 U.S.C. § 523, subsection (a). The applicable statutory provisions read:

"(a) A discharge under section 727, 1141, or 1328(b) of the title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ..."

Plaintiff's motion for summary judgment is based on her claim that the debt which is the subject matter of this proceeding is nondischargeable under 11 U.S.C. § 523(a)(4).

Plaintiff contends that the issues presented by the complaint filed in this Court have already been tried and resolved in the State Court of Fulton County. It is Plaintiff's position that Debtor is collaterally estopped from relitigating these issues before the bankruptcy court.

■ The doctrine of collateral estoppel must be distinguished from the doctrine of res judicata. Res judicata bars the relitigation between the same parties of a cause of action finally determined by a court of competent jurisdiction. Not only does this doctrine extend to the questions actually decided in the prior proceedings, it also operates as a bar to the litigation of all grounds of recovery or defenses which might have been presented. *Blanchard v. St. Paul Fire and Marine Insurance Company*, 341 F.2d 351 (5th Cir. 1965), cert. denied 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965). Collateral estoppel prevents the relitigation of issues actually adjudicated in a different cause of action. Unlike res judicata, the operation of the doctrine of collateral estoppel is limited to those matters distinctly put in issue, litigated and determined in the former action. *Diplomat Electric, Inc. v. Westinghouse Electric Supply Company*, 430 F.2d 38 (5th Cir. 1970).

Because the present cause of action is not the same cause of action brought in the Georgia state court, the doctrine of res judicata is not applicable in this case. This Court is concerned with the applicability of the doctrine of collateral estoppel in these proceedings to determine the dischargeability of a debt.

Procedurally, this case involves what has been termed as the offensive use of collateral estoppel. Here collateral estoppel is not being asserted as an affirmative defense to a claim; rather, Plaintiff is seeking to estop Debtor from relitigating issues which Debtor previously litigated and allegedly lost in the prior state court proceedings. This Court is aware of the admonitions of the United States Supreme Court in *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) concerning the potential disadvantages of the offensive use of the doctrine of collateral estoppel. However, the Court need not address the appropriateness of the offensive use of collateral estoppel in the instant case for the reason that the Court finds this doctrine inapplicable.

The applicability of the doctrine of res judicata in suits to determine the dischargeability of a debt has been addressed by the Supreme Court in *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Brown, the petitioner, was guarantor on a bank loan obtained by the debtor, Felson. A state court action was instituted by the lender against Brown, Felson and Felson's car dealership. Brown filed a cross claim against Felson and Felson's car dealership alleging that he was induced to sign the guarantee by misrepresentations and non-disclosures of material fact. The suit was settled by stipulation which provided, among other things, that Brown should have judgment against Felson and the car dealership. There was no indication in the stipulation as to the cause of action on which the judgment was based. Felson thereafter filed for bankruptcy, and Brown initiated proceedings to determine the dischargeability of the judgment debt. The Supreme Court held that the bankruptcy court was not limited to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of the debt.

*Brown* did not resolve the issue of the applicability of the doctrine of collateral

estoppel in suits to determine dischargeability. This issue was reached in *Franks v. Thomason*, 4 B.R. 814 (N.D.Ga.1980). In this case the court was presented with the appeal of a decision of a bankruptcy court which held that a judgment debt was nondischargeable.

A judgment against the debtor, Franks, had been entered by a federal court in a suit brought by Thomason under the Fair Credit Reporting Act. Franks later filed for bankruptcy, and Thomason commenced proceedings to determine the dischargeability of the judgment debt. Refusing to consider matters extrinsic to the record of the prior case, the bankruptcy court granted Thomason's motion for summary judgment. The district court held this refusal to consider extrinsic matters to be error. The court said:

"[T]his court is persuaded that the prevailing trend of recent authority points to the inapplicability of collateral estoppel to the ultimate question of dischargeability concerning state court judgments."

4 B.R. at 820.

The district court relied on the Fifth Circuit case *Carey Lumber Company v. Bell*, 615 F.2d 370 (5th Cir. 1980). This decision affirmed per curiam the decision of a district court. The district court's opinion was incorporated as an appendix to the Fifth Circuit's opinion. It is stated in this opinion:

"... a bankruptcy court faced with a claim of nondischargeability under § 17 and presented with a state court judgment evidencing a debt is not bound by the judgment and is not barred by res judicata or collateral estoppel from conducting its own inquiry into the character, and, ultimately, the dischargeability of the debt."

615 F.2d at 377.

Although this discussion is dictum, the District Court for the Northern District of Georgia found it persuasive. Referring to the above-quoted passage the district court said:

"Despite the nature of the foregoing as dictum in the district court's memoran-.

dum that is not technically binding authority, the court views that passage as a strong indication of how the Fifth Circuit would view this issue were it directly to rule on it."

4 B.R. at 820.

The decision of the Georgia district court does not completely eliminate the application of collateral estoppel in the context of a dischargeability suit.

"The court must make clear, however, that it does not hold the view expressed by other courts that 'there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17a[(8)] of the Bankruptcy Act.' The bankruptcy court may not relitigate the entire case; to do so would do violence to judicial finality, a fundamental tenet of our judicial system. Congress only intended for that policy to give way to the extent necessary to enable the bankruptcy court to make the ultimate determination of dischargeability of debts under section 17a(8). Those facts that were actually litigated and necessary to the decision in the court that rendered the judgment, and that are discernible from the record of the case, should not be reopened absent a compelling reason to avoid injustice." (citations omitted).

4 B.R. at 820–821.

Although this passage refers specifically to Section 17(a)(8) of the Bankruptcy Act, it would seem that the reasoning of the court would apply to all grounds for a determination of nondischargeability under Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 and 11 U.S.C. § 523.

■ The rule of this case appears to be that the doctrine of collateral estoppel does apply in suits to determine dischargeability, but the application is limited to those situations where it is clear from the record that the particular facts in question were actually liquidated and were necessary to the decision of the court which rendered the judgment.

■ The Court is of the opinion that the doctrine of collateral estoppel is inapplica-

ble in the instant case. Written findings of fact and conclusions of law were waived by the parties to the suit in the State Court of Fulton County. Therefore there is no record from which the Court may discern the basis for the judgment entered in that proceeding.

Plaintiff has submitted her own affidavit and the affidavits of John C. Lovett, the attorney who represented Plaintiff in the state court case and Ernest Brookins, the attorney who represented Debtor in the state court case, in an attempt to prove what was litigated in the Fulton State Court. These affidavits do not help plaintiff for they do not establish the findings of fact and conclusions of law made by the state court judge.

Plaintiff argues that under Rule 91.72 of the Local Rules of the United States District Court for the Northern District of Georgia Debtor is deemed to have admitted all of the factual assertions set forth in Plaintiff's statement of facts as to which it is contended there are no genuine issues to be tried. Rule 91.72 requires a party who files a motion for summary judgment to file therewith a concise statement of facts as to which movant contends there are no issues to be tried. The opposing party is required to respond with a statement of facts as to which it is contended there are genuine issues to be tried. If no such response is filed, the opposing party is deemed to have admitted those facts which are asserted in the statement filed by the movant.

Debtor filed no response to the statement of uncontroverted facts filed by Plaintiff and is therefore deemed to have admitted those facts. However, this does not assist Plaintiff. From reviewing the statement of uncontroverted facts the Court finds that Debtor may be deemed to have admitted only that Plaintiff instituted an action against Debtor alleging that Debtor intentionally converted Plaintiff's funds to his own use, that the Debtor filed an answer to the complaint in which the allegation was denied, that an evidentiary hearing was held on the complaint at which the issue of fraud or defalcation was litigated, and that after hearing the evidence the trial judge entered a judgment for $2,200.00 against Debtor.

These admitted facts do not aid this Court at all in ascertaining the findings of fact and conclusions of law made by the state court judge.

From the foregoing the Court concludes that there are genuine issues of material fact to be tried concerning whether Debtor committed a fraud or defalcation while acting in a fiduciary capacity. Therefore judgment as a matter of law is inappropriate in this case.

### CONCLUSIONS OF LAW

1. Because there is no record of the prior state court proceeding from which the Court may discern the basis for the judgment entered against Debtor, the doctrine of collateral estoppel does not apply as a bar to the litigation in this Court of the issues presented by Plaintiff's complaint to determine dischargeability.

2. There are genuine issues of material fact remaining to be tried in this case. It is therefore

ORDERED that Plaintiff's motion for summary judgment shall be and same is hereby denied.