In Re James Clifford MORAN, Jr., Debtor.

Thomas DAY and Marcia Day, Plaintiffs,

v.

James Clifford MORAN, Jr., Defendant.

Bankruptcy No. B86–01687(B).

Adv. No. B86–386.

United States Bankruptcy Court, N.D. Ohio, E.D.

May 11, 1987.

Stephen D. Hobt, Cleveland, Ohio, for plaintiffs.

David A. Basinski, Elyria, Ohio, for defendant.

**MEMORANDUM OF OPINION AND ORDER**

RANDOLPH BAXTER, Bankruptcy Judge.

Thomas and Marcia Day (Plaintiffs), judgment creditors, filed their Complaint to determine the dischargeability of a debt owing to them in the amount of $27,500.00, plus accrued interest from December 21, 1982. This matter is considered upon the Plaintiffs' motion for summary judgment and the Debtor's brief in opposition thereto. Upon a review of the pleadings with supporting documentation and argument of counsel thereon, the following constitutes the Court's findings pursuant to Rule 7052, Bankr.Rules:

The Plaintiffs' motion for summary judgment relates to their Complaint to determine dischargeability of debt wherein they allege that the Debtor, by reason of an inducement made in 1979, caused them to place a second mortgage on their personal residence in the amount of $55,000.00 with the Lorain County Savings & Trust Company (Lorain Savings). Said mortgage was made with the Plaintiffs' alleged understanding that by doing so, they would be given an opportunity to purchase stock in a corporation co-owned by the Debtor known as A Hearth & Barbecue Shoppe (Corporation). This second mortgage placed on the Plaintiffs' home purportedly was to partially secure a loan that Lorain Savings made to the Corporation. The Plaintiffs further allege that they later discovered that the loan obtained as a result of said mortgage did not inure to their benefit and did not create ownership rights in the Corporation as they had been led to believe. In conjunction with the loan transaction, the Plaintiffs contend that the Debtor misrepresented to them the Corporation's financial status, resulting in their detrimental reliance and damages as stated above.

In their prior state court action against the Debtor, the Lorain County Court of Common Pleas (state court) granted judgment favorable to the Plaintiffs and awarded damages in the amount of $27,500.00 plus interest and costs by reason of "mistake, undue influence and failure to deal on equal terms."[1] On appeal to the state's

---

1. *Thomas A. Day, et al. v. A Hearth & Barbecue* *Shoppe, et al.,* Lorain Co. Common Pleas Ct.,

district appellate court, the substantive findings of the lower court were affirmed but the matter was reversed and remanded for the lower court to reconsider its "unqualified" judgment for money damages. On remand, the lower court again entered a judgment favorable to Plaintiffs which remains unsatisfied and unreversed.

In seeking a grant of summary judgment, the Plaintiffs contend there exists no issue of material fact and, as such, they are entitled to judgment as a matter of law. More specifically, they allege that since the state courts had rendered judgment favorable to them based on the aforementioned facts, those findings should be accorded the effect of collateral estoppel "with regard to the issues involved in the Plaintiffs' Complaint" (Plaintiffs' Brief at p. 5). They further contend that all issues pertinent to the Complaint were previously litigated in the state court and resulted in a favorable judgment for the Plaintiffs. Thusly, they contend the matter is nondischargeable pursuant to § 523(a)(2)(A) of the Code.

The Debtor, in his brief in opposition, counters the Plaintiffs' allegations by stating that the state court judgment in no manner makes reference to any action on the part of the defendant Debtor which would be supported under § 523(a)(2)(A). That is, the state court did not address nor make specific findings regarding the elemental prerequisites of § 523(a)(2)(A), which allows:

> 11 U.S.C.S. § 523. Exceptions to discharge.
>
> (a) A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

In view of the above requirements of § 523(a)(2)(A), the Debtor contends that collateral estoppel is inapplicable since the non-bankruptcy court made no findings regarding the § 523 elements and, further, that summary judgment is likewise inappropriate as there exists several factual issues in dispute requiring a trial of the matter. The Debtor contends the Plaintiffs must necessarily prove the existence of a material misrepresentation, that Debtor knew of the falsity of the representation or that it was made with a gross recklessness as to its truth. Further, Debtor avers the Plaintiffs must demonstrate that he intended to deceive them and, finally, that there was a detrimental reliance on a false representation which proximately caused their loss, citing, In re Kimzey, 761 F.2d 421, 423 (7th Cir.1985). Finally, the Debtor contends that the Plaintiffs must sustain their burden by clear and convincing evidence.

An award of summary judgment, pursuant to Rule 56, Fed.R.Civ.P. and Rule 7056, Bankr.Rules, is appropriately granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; Rule 7056, Bankr. Rules. An examination of the parties' supporting briefs clearly evidences the existence of substantial factual disputes giving rise to genuine issues of material fact which would preclude a grant of summary judgment. Principally, the parties dispute whether the § 523(a)(2)(A) issues were addressed by the state court. These matters are materially substantial and present genuine issues which the Bankruptcy Court, exclusively, must determine to satisfy § 523(a)(2)(A) requirements.[2] Thusly, a grant of summary judgment is not proper,

---

Case No. 87802–81.

**2.** The legislative history of § 523(a)(2)(A) provides:

"Under 523(a)(2)(A), a creditor must prove that the debt was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. Subparagraph (A) is intended to codify current case law ... which interprets "fraud" to mean actual or positive fraud rather than fraud implied in law." 1978 U.S.Code Cong. & Ad.News 5787, 6453.

as petitioned. *See, In re Phillips,* 804 F.2d 930 (6th Cir.1986).

The Plaintiffs would have the Court consider the propriety of applying the doctrine of collateral estoppel, or issue preclusion, to the matter at bar. This argument is strongly urged by the Plaintiffs in support of their belief that all of the issues contained in their complaint were fully addressed and favorably adjudicated to their benefit. By definition, collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome. *Matter of Ross,* 602 F.2d 604, 607, and 608 (3d Cir.1979); *Matter of Merrill,* 594 F.2d 1064, 1066 and 1067 (5th Cir.1979); *Harrison v. Bloomfield Building Indus., Inc.,* 435 F.2d 1192, 1195 (6th Cir.1970). Within the context of collateral estoppel, this Court must determine whether dischargeability requirements under § 523(a)(2)(A) were previously addressed and ruled upon by reason of the prior state court judgment. In reaching a determination of this issue, it is quite apparent that this issue is not a novel one to this Circuit. *Wheeler v. Landani,* 783 F.2d 610 (6th Cir.1986). Notwithstanding the Plaintiffs' insistence that all issues pertinent to their Complaint have been fully and finally adjudicated by the state court, it is well-established that the power to determine dischargeability was granted to Bankruptcy courts by the 1970 amendments to the Bankruptcy Act, wherein the Congress expressly intended to remove the determinations required by 11 U.S.C. 523(c) away from the state courts and grant exclusive jurisdiction to the Bankruptcy Courts.[3] *See, Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Spilman v. Harley,* 656 F.2d 224, 226 (6th Cir.1981); and *Matter of Pigge,* 539 F.2d 369, 371 (4th Cir.1976). The Supreme Court in *Brown* recognized the exclusive jurisdiction of the Bankruptcy Courts as not being affected by the doctrine of *res judicata* where such courts desired to consider extrinsic evidence on an issue which would have, but was not, litigated in a prior state court action. *Brown,* however, did not address the application of collateral estoppel to bankruptcy dischargeability issues. As a result, there exists a split of authority among the Circuits. The minority view holds that collateral estoppel should not apply in dischargeability determinations by reason of the Bankruptcy Court's exclusive jurisdiction. *In re Rahm,* 641 F.2d 755, 757 (9th Cir.1981); *In re Day,* 4 B.R. 750, 754–55 (D.Ct., S.D.Ohio 1980). The majority view, however, allows the application of collateral estoppel where the issue was previously litigated by parties. Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Spilman, supra* 656 F.2d at 227. Furthermore, applying collateral estoppel in bankruptcy dischargeability determinations is logically consistent with the Supreme Court's decision in *Brown, Id.*

> Where the facts necessary for a dischargeability determination were not necessary to the determination in the prior judgment, the parties should not be bound or else the parties would always have to anticipate future bankruptcy proceedings and the state courts would be deciding facts not necessary to the state proceedings but only relevant to a possible future bankruptcy proceeding. *Id.*

 The Plaintiffs' summary judgment motion exhibited as supporting documentation the findings and conclusions of the state trial court, its judgment entry, in addition to the decision and journal entry of the state's district court of appeals. In order to determine the applicability of collateral estoppel, this Court must decide whether the issues presented here were actually litigated and were necessary to the decision rendered in the state court. In so doing, it is incumbent upon this Court to

---

**3.** The provision in bankruptcy Act § 17e [1970 Amendments] granting the bankruptcy courts jurisdiction to determine dischargeability is deleted as unnecessary, in view of the comprehensive grant of jurisdiction prescribed in proposed 28 U.S.C. 1334(b), which is adequate to cover the full jurisdiction that the bankruptcy courts have today over dischargeability and related issues under Bankruptcy Act § 17c.

Notes of Committee on the Judiciary, S.Rept. No. 95–989, 95th Cong. 2d Sess. (1978) reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5863.

review the record of the state court in its entirety. *Spilman, supra,* at 228. Such has not been made available to this Court for review, and the proferred judgments are wholly inadequate upon which to make this determination. *See also, Matter of Herman,* 6 B.R. 352, 357 (S.D.N.Y.1980); *National Homes Corp. v. Lester Industries,* 336 F.Supp. 644, 648 (W.D.Va.1972). The burden of proving the requirements of collateral estoppel is on the party asserting it. *In re Whitmore,* 7 B.R. 835, 838–9 (Bankr.N.D.Ga.1980). Without the benefit of reviewing the state court's record in its entirety to make the threshold determination, collateral estoppel is inapplicable and the movant's burden has not been met.

Collateral estoppel is generally applied by the courts to encourage litigating parties to comprehensively and fully litigate all relevant issues at the earliest possible opportunity to allow for judicial efficiency. With this purpose in mind, the generally accepted requirements for an application of collateral estoppel are as follows:

1. The issue sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been actually litigated;

3. It must have been determined by a valid and final judgment; and

4. The determination must have been essential to the final judgment. *See, Matter of Ross,* 602 F.2d 604, 608 (3d Cir.1979); *See, also, Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir. 1981).

The entire record from the state court action has not been presented to this Court for review. The Plaintiffs exhibited with their motion for summary judgment the state court's findings and conclusions. Those findings and conclusions, however, do not reflect what triable issues were before the court. Without more, a prior court's findings and conclusions alone are insufficient to discern whether the issue sought to be precluded is the same as was involved in the prior action. Without this specific knowledge, a Bankruptcy Court cannot give collateral estoppel effect to a prior state court adjudication if the issue

before the Bankruptcy Court possibly differs from the issue which was before the state court. *Matter of Supple,* 14 B.R. 898, 904 (Bankr.Conn.1981). Thusly, the first two prongs of the *Ross* test have not been satisfied to allow collateral estoppel. Furthermore, the state court's findings and conclusions did not reflect the § 523(a)(2)(A) requirements for dischargeability. That court simply found "... sufficient mistake, undue influence, and failure to deal on equal terms in the transaction to relieve the plaintiffs ..." No addressment was made of the § 523(a)(2)(A) prerequisites heretofore stated. Especially was there no specific finding of fraudulent intent.

The standard of proof employed by the state court in reaching its decision must comport with that utilized by the federal courts. To insure such an identity of standards, the Bankruptcy Court necessarily must scrutinize the entire record of the state court proceedings, not simply its findings and judgment. *Supple, supra,* at 903. The majority of Bankruptcy Courts utilize a "clear and convincing evidence" standard when construing § 523(a)(2) issues. *See, In re Kimzey, supra; In re D'Annolfo,* 54 B.R. 887 (Bankr.D.Mass.1985); *In re Capparelli,* 33 B.R. 360 (Bankr.S.D.N.Y.1983). The partial state court record exhibited by the Plaintiffs evidences no standard utilized by that court. The party urging the application of collateral estoppel has the burden of proving all of the prerequisites for its application. To meet this burden, such party must provide the Bankruptcy Court with a prior record sufficient to make that determination. Such has not occurred in the matter at bar. *See, Spilman v. Harley, supra; Matter of Merrill,* 594 F.2d 1064, 1067 (5th Cir.1979); *In re Spector,* 22 B.R. 226 (Bankr.N.D.N.Y. 1982).

■ Before applying the doctrine of collateral estoppel, the Bankruptcy Court must determine whether the issue(s) was actually litigated in the prior court and was necessary to the decision rendered by that court. Here, without the full record, that determination cannot be made. At least,

the state court's findings do not so reveal. *See, Wheeler v. Landani, supra.* Where the issues were not litigated previously, collateral estoppel does not bar relitigation in the Bankruptcy Court. Since an insufficient prior record has been provided to this Court, such a determination cannot be made.

Accordingly, the Plaintiffs' motion for summary judgment is denied.

IT IS SO ORDERED.