**In re Cecil Douglas SPEIGHT, Debtor.**

**Joe LAUGHTER, Plaintiff,**

v.

**C. Douglas SPEIGHT, Defendant.**

**Bankruptcy No. 91–15648 F.
Adv. No. 91–5557.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

June 23, 1992.

Jimmy Eaton, Little Rock, Ark., for debtor.

Claude R. Jones, Trustee, Harrison, Ark.

Wm. Jackson Butt II, Fayetteville, Ark., for U.S.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On September 16, 1991, Cecil Douglas Speight (debtor) filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. Claude R. Jones, Esq., was appointed trustee. On November 8, 1991, Joe Laughter (Laughter) filed a complaint to determine dischargeability pursuant to an unspecified paragraph of 11 U.S.C. § 523. A trial was held in Fayetteville, Arkansas, on April 8, 1992, and the matter was taken under advisement.

The only evidence presented by Laughter on the issue of dischargeability was a copy of an "Order and Judgment" entered by the Chancery Court of Benton County, Arkansas. The judgment was entered on May 10, 1991, in favor of Laughter against the debtor in the sum of $230,539.62, plus interest. The debtor offered no evidence.

Laughter asserts that the chancery court judgment should be given collateral estoppel effect in determining the issue of dischargeability in this adversary proceeding. The debtor argues that Laughter has not met the necessary burden of proof for a finding that Laughter's debt is nondischargeable.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## DISCUSSION

The doctrine of collateral estoppel precludes relitigation of issues previously adjudicated when those issues were actually litigated and necessary to the outcome of the previous action. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 58 L.Ed.2d 552 (1979); *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983). Collateral estoppel may be applied in bankruptcy dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The application of collateral estoppel to dischargeability proceedings is subject to some limitations. Its application must be scrutinized in light of the underlying policy of bankruptcy laws to provide the debtor with a fresh start. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir. 1988). In addition, pursuant to the full faith and credit statute, a bankruptcy court cannot give preclusive effect to a prior state court judgment unless the law of that state allows preclusion. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Harris v. Byard (In re Byard)*, 47 B.R. 700, 707–08 (Bankr. M.D.Tenn.1985); J. Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 59 Am.Bankr.L.J. 55, 68 (1985). Therefore, Arkansas' collateral estoppel law must provide the framework for this Court's analysis.

Four criteria must be met before the principles of collateral estoppel may be applied: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Lovell v. Mixon*, 719 F.2d at 1376, citing *Van–S–Aviation Corp. v. Piper Aircraft Corp. (In re Piper Aircraft Distrib. Sys. Antitrust Litig.)*, 551 F.2d 213 (8th Cir. 1977). *Accord East Texas Motor Freight Lines, Inc. v. Freeman*, 289 Ark. 539, 713 S.W.2d 456, 459 (1986). The party asserting collateral estoppel has the burden of proving the necessary elements. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *Randolph v. Somerville (In re Somerville)*, 73 B.R. 826, 837–38 (Bankr.E.D.Pa. 1987), citing *Shelton v. Smith (In re Smith)*, 37 B.R. 996, 999 (Bankr.M.D.Tenn. 1984). If the prior state court record before the court is insufficient to make a thorough analysis, collateral estoppel should not be applied. *Day v. Moran (In re Moran)*, 72 B.R. 1013, 1016 (Bankr. N.D.Ohio 1987); *King v. Whitmore (In re Whitmore)*, 7 B.R. 835, 838–39 (Bankr. N.D.Ga.1980).

Laughter has not satisfied the four criteria necessary to apply the doctrine of collateral estoppel. The only pleading introduced into evidence from the state court proceeding was the order and judgment. This Court is unable to determine from this one pleading whether the issue sought to be precluded is the same as the issue involved in the state court action and whether the factual determinations made by the state court were essential to the judgment.

The state court chancellor, Hon. Oliver L. Adams, did make several findings that would be important to a dischargeability issue. For instance, he found that "Speight breached his fiduciary duty to Laughter and P.L. Plastics by transacting business for his own profit with the use of P.L. Plastics [sic] property without Laughter's consent." From this finding, Judge Adams concluded that Laughter was entitled to an accounting and a distributive share of profits gained by Speight's unauthorized conduct. However, the Court went on to state, "The complaint of [Laughter] did not allege wrongful conduct by [the debtor]. This is not an action for damages for breach of agreement per Ark. Code Ann. 4–42–610(2)(a)(II). The Uniform Partnership Act provides rules for distribution of the partnership property."

Judge Adams also found that, "without Laughter's knowledge or consent, Speight through the business entity SHD, usurped the remaining business assets and ongoing operation of P.L. Plastics for his own personal benefit and profit." The chancellor

concluded by awarding a judgment in favor of Laughter against Speight in the sum of:

(a) $28,430.11 for breach of fiduciary duty to recoup shared office expense

(b) $707.50 for breach of fiduciary duty and contractual obligations to share profits

(c) $1,042.39 plus interest at the annual rate of 6% per annum, per Ark. Const. Act 19 Sec. 13, from August 7, 1985, in the amount of $359.62 for unpaid loan proceeds

(d) $200,000.00 being 50% of present value of P.L. Plastics. .

All of which being the sum of $230,-539.62 shall bear interest at 10% per annum from the date of this Order until paid plus recovery of lawful cost incurred in the prosecution of this cause by [Laughter].

Laughter did not specify which paragraph of 11 U.S.C. § 523 he relies on in asserting that his debt should be nondischargeable. The subsections of 11 U.S.C. § 523 that might be applicable in this case appear to be as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Laughter's lack of specificity makes is impossible for the Court to determine if the issue sought to be precluded is the same issue involved in the prior litigation. In addition, the record in insufficient to determine if the factual determinations rendered by the state court were essential to the judgment actually rendered. Therefore, the doctrine of collateral estoppel cannot be applied in this action.

Laughter offered no other evidence to support a finding of nondischargeability. Therefore, the complaint objecting to the dischargeability of Laughter's debt is denied.

IT IS SO ORDERED.