**UFHEIL CONSTRUCTION
COMPANY, Plaintiff,**

v.

**TOWN OF NEW WINDSOR, Kartiganer
Associates, P. C., and Herbert L. Kartiganer and Frank J. Valdina, Jr., Defendants.**

No. 77 Civ. 3681.

United States District Court,
S. D. New York.

Oct. 5, 1979.

Richard K. Rosenberg, Hawthorne, N. J., for plaintiff.

Gerard E. Fitzpatrick, Goetz & Fitzpatrick, P. C., New York City, for defendant Town of New Windsor.

Joseph L. Spiegel, Moran, Spiegel, Palmer, Pergament & Brown, Poughkeepsie, N. Y., for defendants Kartiganer Associates, P. C., Herbert L. Kartiganer, and Frank J. Valdina, Jr.

## OPINION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

MOTLEY, District Judge.

Plaintiff moved for partial summary judgment as to liability against the defendants. On August 17, 1979, this court denied plaintiff's motion and directed the parties "to stipulate that plaintiff's claims for breach of contract went to arbitration, what those claims were, and the amount awarded by the arbitrators for each claim." Plaintiff drafted a stipulation on the arbitrated matters, which attorney for the defendant Town of New Windsor declined to sign. Plaintiff then submitted to this court a proposed order which is now before the court for consideration, as a motion for partial summary judgment. For the reasons stated below, the court declines to enter the proposed order. ·

The question before the court involves the doctrine of collateral estoppel, which, "like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an

identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979) [footnote omitted].

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Id.* 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5, 58 L.Ed.2d at 559 n. 5. In particular, this case involves the offensive use of collateral estoppel, that is, "a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost . . . ." *Id.* 439 U.S. at 329, 99 S.Ct. at 650, 58 L.Ed.2d at 561.

New York Civil Practice Law and Rules (CPLR) § 7514 provides that "[a] judgment shall be entered upon the confirmation of an [arbitration] award." In the case at hand, the Honorable John W. Sweeny, Supreme Court of the State of New York, County of Orange, entered such a judgment on December 15, 1976. The doctrines of res judicata and collateral estoppel apply to issues adjudicated in arbitration where the arbitration award has been entered as a judgment. *Springs Cotton Mills v. Buster Boy Suit Co.,* 275 App.Div. 196, 88 N.Y.S.2d 295 (1st Dept.1949), *aff'd,* 300 N.Y. 586, 89 N.E.2d 877 (1949).

New York has adopted the full and fair opportunity test in applying the doctrine of collateral estoppel. *Schwartz v. Public Administrator of the County of Bronx,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (1969):

New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.

*Id.*

Plaintiff seeks from this court an order finding that the facts surrounding the plaintiff's arbitration claims and the arbitrators' awards are without substantial controversy. In order for this court to enter the proposed order, it would be necessary that the full and fair opportunity test be met as between 1) the plaintiff and the defendant Town of New Windsor 2) the plaintiff and the defendants Kartiganer Associates, Herbert Kartiganer, and Valdina (the Kartiganer defendants), and 3) cross-claimant Town of New Windsor and the Kartiganer defendants to the cross-claim.

*Plaintiff and Defendant Town of New Windsor*

■■ Clearly, the Town of New Windsor had a full and fair opportunity to contest the arbitration decision, as the Town was a party in the arbitration proceedings. The only issue, then, is whether there is an identity of issue which has necessarily been decided in the prior action and is decisive of the present action. The doctrines of collateral estoppel and res judicata apply only to issues resolved by earlier arbitration. *See Rembrandt Industries, Inc. v. Hodges International, Inc.,* 38 N.Y.2d 502, 504, 381 N.Y.S.2d 451, 452, 344 N.E.2d 383, 384 (1976). In the case at hand, there were no findings of fact or conclusions of law by the arbitrators. Of course, this alone would not preclude collateral estoppel, as it is well-recognized that arbitrators need not make detailed findings of fact. *Farkar Co. v. R. A. Hanson Disc., Ltd.,* 441 F.Supp. 841, 844 (S.D.N.Y.1977), *modified,* 583 F.2d 68 (2d Cir. 1978). But here the absence of findings of fact render the arbitration decision ambiguous. Plaintiff contends that of plaintiff's seven claims advanced in arbitration, the arbitrators awarded damages for each. As counsel for defendant Town of New Windsor correctly notes, plaintiff's contention is belied by the arbitrators'

award itself. True, the arbitrators awarded seven items of damages, but even a cursory reading of the award reveals that these seven items do not correspond to plaintiff's seven claims. Accordingly, it would be inaccurate to state that the arbitrators awarded damages for each of plaintiff's seven claims, as the proposed order suggests. As it remains unclear which of plaintiff's arbitration claims were deemed valid by the arbitrators, this court cannot say with certainty that there is an identity between the issues decided in arbitration and those in the present proceeding.

*Plaintiff and the Kartiganer Defendants*

■ The above discussion applies as well to any attempt to invoke collateral estoppel against the Kartiganer defendants. With respect to these defendants, a further difficulty arises since these defendants were not parties to the litigation. Plaintiffs must demonstrate these defendants had a full and fair opportunity to contest the arbitration decision. While plaintiff has cited authority suggesting that collateral estoppel may be invoked against a person not a party to the first action, the cited cases involve defensive collateral estoppel and offensive collateral estoppel against an original party. *See B. R. DeWitt, Inc. v. Hall,* 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195 (1967); *Israel v. Wood Dolson Co.,* 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956). The mere fact that the Kartiganer defendants participated in the arbitration proceedings as witnesses does not necessarily mean that they had a full and fair opportunity to contest the arbitration proceedings. Plaintiff must demonstrate that the Kartiganer defendants "had the right to control the conduct of the litigation"; "the relationship [must] be something more than a mere interest in proving or disproving the same facts." *Willsey v. Strawway,* 44 Misc.2d 601, 605–06, 255 N.Y.S.2d 224, 229 (Sup.Ct.Chemung Cty.1963), *aff'd,* 22 A.D.2d 973, 254 N.Y.S.2d 830 (3d Dept. 1964).

■ Plaintiff argues that the Kartiganer defendants were agents of the Town of New Windsor, and accordingly, the doctrine of collateral estoppel should apply to the Kartiganer defendants as well as their principal, the Town of New Windsor. Plaintiff's argument is far too sweeping in its claim that the mere existence of an agency relationship should allow the use of collateral estoppel against a person not a party to the first action. Admittedly, there are strong considerations favoring the use of collateral estoppel against a principal whose agent was a party in the prior proceeding, for it is reasonable to assume that the principal could control the conduct of the litigation. However, the same reasoning does not apply where, as here, a party seeks to use offensive collateral estoppel against an agent whose principal was a party in the first action. In this situation, it cannot fairly be said that the agency relationship allows the agent to control the conduct of the litigation. An agency relationship may allow a principal to control the conduct of litigation to which the agent is party, but not vice versa. Thus, the agency relationship in this case did not necessarily afford the Kartiganer defendants a full and fair opportunity to contest the arbitration decision.

■ Even assuming, arguendo, that the Kartiganer defendants had a full and fair opportunity to contest the arbitration decision, the Kartiganer defendants could still "relitigate" their tort liability, as the arbitration proceedings concerned only plaintiff's breach of contract claims.

*Cross-Claimant Town of New Windsor and the Kartiganer Defendants*

■ As between cross-claimant Town of New Windsor and the Kartiganer cross-claim defendants, it is clear that the Kartiganer defendants did not have a full and fair opportunity to contest the arbitration decision. The Kartiganer defendants did not have their own attorney, did not have the right to call witnesses, and did not control the conduct of the litigation. Even if the Kartiganer defendants' role as agents would allow the plaintiff to invoke collateral estoppel, surely the same theory could

not allow the cross-claimant Town of New Windsor similarly to invoke collateral estoppel. At least as between the Kartiganer defendants and the Town, the Kartiganer defendants were denied a full and fair opportunity to contest the arbitration decision. For this reason, collateral estoppel cannot be used to preclude the Kartiganer defendants from "relitigating" the arbitration issues with the cross-claimant Town.

To decide otherwise would allow a plaintiff and defendant in a prior proceeding to impose a result upon a third party in a subsequent proceeding.

*Conclusion*

For the above stated reasons, the court declines to enter plaintiff's proposed order and denies plaintiff's motion for partial summary judgment in the court's accompanying order.