**DALOW INDUSTRIES, INC., Plaintiff,**

v.

**JORDACHE ENTERPRISES, INC., Rolo Manufacturing Co., Inc., and Glenn-Mitchell Associates, Inc., Defendants.**

No. 83 Civ. 3780.

United States District Court,
S.D. New York.

April 7, 1986.

See also, D.C., 631 F.Supp. 774.

Burton L. Lilling, Lilling & Greenspan, White Plains, N.Y., for plaintiff.

Robert A. Spiegelman, New York City, for defendant Jordache Jewelry.

Charles L. Kramer, McLaughlin, Stern, Ballen & Ballen, New York City, for defendant Rolo Mfg. Co.

Frank Russell, Deer Park, N.Y., for defendant Glenn-Mitchell Associates, Inc.

WHITMAN KNAPP, District Judge.

Defendants Rolo Manufacturing Company ("Rolo") and Glenn-Mitchell Associates, Inc. ("Glenn-Mitchell") move to dismiss the complaint on the ground that the issues there presented have been resolved in their favor by a prior proceeding. For reasons which follow, we deny the motion.

### Background

Plaintiff Dalow Industries, Inc. ("Dalow") manufactures jewelry. In 1981 it acquired an exclusive license to use the trademarked name and fashion horse design owned by Jordache Enterprises, Inc. ("Jordache") on "jewelry of precious and semi-precious metals," including "karat gold, gold filled, gold plate, and sterling silver." Pursuant to this contract, Dalow manufactured expensive, 14-karat gold jewelry and promoted it with a costly advertising campaign.

About a year later, Jordache granted to Rolo, which also manufactures jewelry, the right to use the Jordache name and fashion design on

> fashion jewelry of metal, plastic, stone and any other material, exclusive of "karat gold," "gold filled, "gold plate" and "sterling silver."

Pursuant to this license, Rolo and Glenn-Mitchell, its national sales agent, manufactured costume jewelry which was gold in color. It was called "basic" or "fashion" gold. They sold it for a substantially lower price than the genuine gold items made by Dalow. They did not mount an advertising campaign but nevertheless achieved huge success. Dalow's sales, in contrast, were ruinous.

Dalow consequently brought suit against Jordache, Rolo and Glenn-Mitchell. It charged all defendants with unfair competition, false description of goods and false representation. It in addition charged Rolo and Glenn-Mitchell with tortiously interfering with its contract with Jordache.

Jordache moved to compel arbitration pursuant to an arbitration clause contained in its contract with Dalow. We granted that motion. Both parties asserted claims and counterclaims in the arbitration, which was lengthy and which fills about 1700 transcript pages. Rolo and Glenn-Mitchell, not being parties to the Dalow-Jordache contract, did not participate in the arbitration. However, it appears that they made their representatives available as witnesses to both sides.

By a six paragraph award dated February 13, 1985, the arbitrators unanimously declared the Dalow-Jordache contract terminated. (Par. 1). They directed Dalow to pay to Jordache $145,000 (Par. 2) as well as the arbitrators' compensation (Par. 4) and the administrative fees of the American Arbitration Association. (Par. 5) They denied all other claims and counterclaims "in their entirety" (Par. 3) and stated that the award was "in full settlement" of all claims and counterclaims submitted to them. (Par. 6) They gave no reasons for their disposition and made no findings of fact or

conclusions of law. The amount they ordered Dalow to pay was far less than the approximately $700,000 sought by Jordache, and they awarded to Dalow no portion of the $11.5 million for which it had counterclaimed.

By Memorandum and Order dated October 30, 1985, we granted Jordache's motion to dismiss the complaint as to it on the ground that the arbitration precluded litigation before us. We held that the arbitrators' award in full settlement of all claims and counterclaims was necessarily an adjudication of all claims presented to them. We ruled that since Dalow's counterclaims in the arbitration were essentially identical to its claims before us, the award should be given res judicata effect.

Rolo and Glenn-Mitchell now argue that the arbitration also disposed of the claims asserted by Dalow against them. They base their argument on the doctrines of res judicata and collateral estoppel.

### Discussion

Res judicata, or claim preclusion, treats a judgment rendered by a court of competent jurisdiction as the " 'full measure of relief to be accorded between the same parties on the same cause of action.' " *Murphy v. Gallagher* (2d Cir.1985) 761 F.2d 878, 879 (citation omitted). It applies to matters which were or could have been raised in the prior litigation. *Ibid.*

■ Neither Rolo nor Glenn-Mitchell were parties to or bound by the arbitration. Nor were they in privity with Jordache so far as its interests or liabilities in the arbitration were concerned. *See In Re Teltronics Services, Inc.,* (2d Cir.1985) 762 F.2d 185, 190–191; 1B J. Moore, Moore's Federal Practice P. 411[1] at 392–93. They therefore fail to satisfy the first of the requirements for application of res judicata, that there be an identity of parties between the prior and later proceedings. They accordingly cannot invoke the res judicata effect of the arbitration award.

■ Collateral estoppel, or issue preclusion, is "a narrower species of res judicata [which] precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Telephone Co.* (1984) 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490. Involved here is the offensive use of collateral estoppel, whereby Rolo and Glenn-Mitchell, though not parties to the arbitration, seek to estop Dalow from relitigating issues it is said to have there litigated and lost. *See Parklane Hosiery Co. v. Shore* (1979) 439 U.S. 322, 329, 99 S.Ct. 645, 650–51, 58 L.Ed.2d 552.

The requirements in New York for application of collateral estoppel are that: 1) the factual and legal issues in question were necessarily raised and decided in the prior action; 2) such issues are identical to those concerned in the present action, and 3) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *See Schwartz v. Public Administrator* (1969) 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725; *Ottley v. Sheepshead Nursing Home* (2d Cir.1986) 784 F.2d 62.

The first two of the above considerations require that, before giving a prior ruling preclusive effect, we identify the issue to which it pertained and ascertain that it is identical to the matter before us. We are unable to perform this analysis because the arbitrators gave no indication what their findings were as to any particular issue before them.

Jordache charged in the arbitration that Dalow had failed to pay approximately $700,000 in past royalties and had dishonored other obligations of its contract. Dalow responded with charges that the contract was inherently invalid, and that Jordache had breached it, misrepresented its exclusivity provisions, granted an overlapping license to Rolo, acquiesced in misrepresentations made by Rolo and Glenn-

Mitchell, and otherwise cause Dalow's financial ruin by misuse of its trademarks. The arbitrators no doubt formed views on each of the issues involved in these claims, and those views might well be relevant to Dalow's charge here that Rolo and Glenn-Mitchell caused Jordache to breach its contract with Dalow and that they misrepresented the nature of their products.

We cannot discern what those views were, however, where the arbitrators gave no indication what findings led them to award a lump sum of $145,000 to Jordache. This sum was far less than the amount demanded by Jordache and it was made in full settlement of the numerous claims and counterclaims presented. The award might mean, among other things, that the arbitrators found Dalow tardy in its royalty payments but reduced the amount owed because they believed Jordache had granted an overlapping license or engaged in misrepresentation. It could also mean that they found no merit whatsoever to Dalow's claims but determined the precise amount of royalties owed to be $145,000. These different possibilities are obviously of importance to any application of collateral estoppel and illustrate why we cannot give the award such effect. Without knowing which issues were ruled upon, and what those rulings were, we cannot determine that a key requirement of the doctrine—identity of issue—has been satisfied. *See Ufheil Construction Co. v. Town of New Windsor* (S.D.N.Y.1979) 478 F.Supp. 766, 768–69, aff'd (1980) 636 F.2d 1204 (where arbitrators gave no reasons for award, there was no basis to determine identity of issue). It would be improper to give the arbitration award collateral estoppel effect.[1]

The motions are denied.

SO ORDERED.

---

**1.** These considerations did not weigh heavily in our previous decision dismissing the complaint against Jordache. Both Jordache and Dalow were parties to the arbitration and application of res judicata, or claim preclusion, was appropriate to all matters which there were or could have been raised. As the causes of action in Dalow's complaint were clearly presented and argued to the arbitrators, their decision in resolution of all claims and counterclaims presented was entitled to preclusive effect.