In re Steven HANNA, Debtor.

Joan ARNDT, Plaintiff,

v.

Steven HANNA, Defendant.

Bankruptcy No. 191–18284–260.
Adv. No. 192–1204–260.

United States Bankruptcy Court,
E.D. New York.

Feb. 14, 1994.

Victor Mevorah, P.C. by Victor Mevorah, Garden City, NY, for plaintiff.

Scott M. Zucker (Andrew B. Schultz, of counsel), Great Neck, NY, for debtor/defendant.

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CONRAD B. DUBERSTEIN, Chief Judge.

Joan Arndt, (the "Plaintiff"), brought an adversary proceeding against Steven Hanna, (the "Debtor"), a Chapter 7 debtor, seeking a determination that an arbitration award ("Award") against him rendered in the amount of $85,540.25 and confirmed by the Supreme Court of the State of New York, was nondischargeable under section 523(a)(2) of the Bankruptcy Code (the "Code"). The instant matter comes before this Court on the Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), which is made applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P."). The Plaintiff claims that the Award was predicated on the Debtor's violations of section 10(b) of the Securities Exchange Act

of 1934 (the "Act") and constituted common law fraud, and thus, under the doctrine of res judicata it is nondischargeable pursuant to section 523(a)(2) of the Code. Alternatively, Plaintiff maintains that under the doctrine of collateral estoppel, the Debtor should be barred from relitigating the issues of fraud and damages. In opposition to Plaintiff's motion, the Debtor points to the Award and contends that there is no factual or legal basis for this Court to find as a matter of law that the issue of fraud was necessary to the arbitrators' decision because although presented with multiple causes of action, the Award itself is devoid of any factual findings and thus could have been based on any one or more theories of liability as set forth in the complaint submitted to arbitration. For the reasons hereinafter set forth, the Plaintiff's motion is denied.

## FACTS

In June of 1988, while the Debtor was employed with the brokerage firm of J.T. Moran & Company Inc. ("Moran"), the Plaintiff entered into a margin agreement authorizing the Debtor to effect securities transactions on the Plaintiff's behalf and subject to her approval. Subsequently, in October of 1988, Plaintiff entered into an options agreement with Wall Street Clearing Co. as clearing broker for Moran, which enabled the Plaintiff to also participate in options trading. The margin agreement and the options agreement (collectively referred to as Plaintiff's "Account Agreement") each contained an arbitration clause providing that any controversy arising out of or relating to the Account Agreement would be submitted to arbitration.

Plaintiff alleges that the Debtor began executing trades in the Plaintiff's account without first obtaining her consent as required under the Account Agreement. The Plaintiff further alleges that the Debtor's excessive and unauthorized trading resulted in substantial monetary losses to her account.

In July of 1989, the Plaintiff commenced an action against both the Debtor and Moran. Pursuant to the Account Agreement, the complaint was submitted to arbitration and was heard by a three member arbitration panel of the National Association of Securities Dealers ("NASD"). The complaint alleged a laundry list of instances where the Debtor either executed trades in the Plaintiff's account without her prior authorization or failed to effect transactions as she had instructed. It contained eight separate claims for relief each seeking damages in the amount of $85,040.25 representing $65,868.82 for Plaintiff's losses, $16,804.41 for commissions paid, and $2,367.02 for margin interest. Additionally Plaintiff sought interest, costs, disbursements, attorney's fees, and such other relief as the panel deemed just and proper. The first two claims were asserted against both the Debtor and Moran alleging that the conduct set forth in the complaint violated section 10(b) of the Act,[1] the rules and regulations promulgated thereunder, and constituted common law fraud. Plaintiff's third claim for relief, alleging breach of contract, was asserted against Moran only. Plaintiff's fourth claim for relief was based upon the alleged negligence and recklessness of both Moran and the Debtor. Although this claim is captioned in the complaint as being asserted "Against J.T. Moran,"[2] a careful reading of paragraphs 38 through 44 of the complaint reveals that these allegations were in fact asserted against both the Debtor and Moran.[3] Plaintiff's fifth, sixth, and eighth claims for relief were asserted against Moran only and are not relevant to the instant matter. The seventh claim for relief alleging violations of section III of the NASD Rules of Fair Practice, was captioned like the fifth claim as "Against J.T. Moran,"

1. This section provides in pertinent part:

It shall be unlawful for any person, directly or indirectly, by the use of . . . any facility of any national security exchange—

. . . . .

(b) To use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the commission may prescribe as necessary

. . . .

15 U.S.C. § 78(j)(b) (1991).

2. Plaintiff's Notice of Motion dated December 8, 1992, Exhibit A at 6.

3. *Id.* at 6–8 (¶ 38–44).

but similarly, was also asserted against the Debtor.

Moran filed for voluntary protection under Chapter 11 of the Code in 1990 and consequently Plaintiff's efforts to enforce her claims against Moran were automatically stayed by section 362 of the Code. Thus, the arbitration proceeded only as against the Debtor.

Beginning November 20, 1990, and continuing through February 27, 1991, the arbitration panel held three full days of hearings. During the course of these hearings, the Plaintiff testified as to her allegations of the Debtor's excessive and unauthorized trading activity. In support of these allegations, Plaintiff offered into evidence her account statements and transcripts of a taped telephone conversation between herself and the Debtor during which the Debtor admitted trading without authorization on several occasions.[4] The arbitrators also heard the testimony of Mr. Gregory Adamo, the Debtor's supervisor.[5] The Debtor was present during the hearings and was subjected to examination.[6] A transcript of the Debtor's testimony was submitted to this Court. It reveals that when asked about specific transactions in the Plaintiff's account, the Debtor in large part denied effecting trades without the Plaintiff's authorization. However, during the examination the Debtor's testimony was inconsistent. Although he initially recalled executing one transaction without authorization, he later recalled two, then no more than two, and finally two or three at most.[7] Summations were given and both parties submitted posthearing memorandums of law.

On August 1, 1991, the arbitration panel released the Award in favor of the Plaintiff against the Debtor for $85,040.25, the exact amount sought in the complaint. Plaintiff's claim for attorney's fees and interest was denied. However, the Debtor was assessed various fees and forum costs and was in-structed to satisfy the assessment by reimbursing to Plaintiff $500.00 she had previously deposited with the NASD and remitting the balance to the NASD. Thus, pursuant to the Award, the total amount due the Plaintiff is $85,540.25. The Debtor did not contest the Award.

In September of 1991, Plaintiff petitioned the Supreme Court of New York for judgment confirming the Award and directing that judgment be entered thereon. Such relief was granted on January 15, 1992. However, in the interim, on December 11, 1991, the Debtor filed a petition for relief under Chapter 7 of the Code and sought to have the Award discharged in bankruptcy.

On March 27, 1992, Plaintiff commenced the instant adversary proceeding seeking a determination that the Award is nondischargeable pursuant to section 523(a)(2) of the Code, which provides in pertinent part that "[a] discharge ... does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

The instant matter comes before this Court on the Plaintiff's motion for summary judgment, which Plaintiff contends is warranted because of the absence of any genuine issue of material fact. In support of this contention Plaintiff claims that the Award was predicated on the Debtor's violations of section 10(b) of the Act and constituted common law fraud, and because by its own terms was decided "in full and final resolution of the issues submitted for determination,"[8] under the doctrine of res judicata it is nondischargeable pursuant to section 523(a)(2) of the Code. Alternatively, Plaintiff maintains that under the doctrine of collateral estoppel,

---

**4.** *See id.* Exhibit D at 6, 12, 17, and 18; *see also* Affidavit of Steven Hanna sworn to January 21, 1993 at ¶ 8 (acknowledging trading twice without consent).

**5.** No transcript of this testimony has been submitted to this Court.

**6.** The Debtor was subjected to direct, cross, redirect, and re-cross examinations.

**7.** *See* Plaintiff's Reply Affirmation dated August 17, 1993 at Exhibit A.

**8.** Exhibit F to Plaintiff's Notice of Motion (NASD Arbitration Award Dated August 1, 1993).

Debtor is now barred from relitigating the issues of fraud and damages in the bankruptcy court.

Although the Award itself does not specify which cause of action gave rise to the relief granted and contains no findings of fact, the Plaintiff maintains that the issue of Debtor's fraud was fully and properly litigated and actually determined. Specifically, Plaintiff directs this Court's attention to the section entitled "Case Summary" which provides as follows:

> Claimant, Joan Arndt, alleges that Respondent, Steven Hanna, made the following trades without authorization: 1500 Audiovox Corp., Cla; 1500 Cadnetix Corp.; 2500 UTS Intel Corp; 5000 Software Service of America. Claimant further alleges that Respondent negligently handled her account and failed to effect sale of 25 Midway Air call options. *Claimant contends that Respondent's conduct amounted to a violation of Section 10(b) of the Exchange Act and the rules and regulations promulgated thereunder and constituted common law fraud.* Claimant asserted claims against Respondent's employer, J.T. Moran, which subsequently filed for bankruptcy protection. Thus, Claimant chose to proceed against Hanna only.

Exhibit F to Plaintiff's Notice of Motion (NASD Arbitration Award Dated August 1, 1993) (emphasis added). Plaintiff contends that the inclusion of Plaintiff's fraud allegations in the case summary demonstrates that the NASD fully and finally determined the issue of the Debtor's fraud.

However, in opposition to the Plaintiff's motion for summary judgment, the Debtor contends that despite the acknowledgement of the Plaintiff's fraud allegations in the case summary, the NASD made no findings of fact with respect to fraud or anything else. Debtor argues that summary judgment is wholly inappropriate because although the arbitrators found in Plaintiff's favor, the Award merely states that "Respondent, Steven Hanna, is hereby liable to the Claimant and shall pay her a total of Eighty Five Thousand and Forty Dollars and Twenty Five Cents." [9] The Award itself is completely devoid of any factual findings. Thus, Debtor maintains that a genuine issue of material fact exists because the Award does not specify the grounds of Debtor's liability and, therefore, could have been based on any one or more theories of liability as set forth in the complaint submitted to arbitration.

## DISCUSSION

A motion for summary judgment is governed by Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings pursuant to Fed. R.Bankr.P. 7056, which provides in pertinent part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

■ In ruling on a motion for summary judgment, it is the court's function to determine whether a genuine issue as to any material fact exists, not to resolve any factual issues. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–51, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986); *Eastman Mach. Co. v. United States,* 841 F.2d 469, 473 (2d Cir. 1988); *Bank of India v. Sapru (In re Sapru),* 127 B.R. 306, 319 (Bankr.E.D.N.Y.1991). The court must deny summary judgment where there is a genuine issue as to any material fact, and grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Anderson,* 477 U.S. at 247–51, 106 S.Ct. at 2509–12; *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991); *Kenston Mgt. Co. v. Lisa Realty Co. (In re Kenston Mgt. Co.),* 137 B.R. 100, 108 (Bankr.E.D.N.Y. 1992).

■ Plaintiff, as the movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists

**9.** *Id.*

and that he is entitled to judgment as a matter of law. *Sapru,* 127 B.R. at 319.

■ When determining whether there is a genuine issue of material fact, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). The court's responsibility is to resolve ambiguities and draw reasonable inferences against the moving party to determine whether there exists any factual issues to be tried. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

■ A motion for summary judgment will be denied "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances...." *CPY Co. v. Ameriscribe Corp. (In re Chas P. Young Co.),* 145 B.R. 131, 135–36 (Bankr. S.D.N.Y.1992) (quoting *Richardson v. Combs (In re Fred Combs),* 40 B.R. 148, 151 (Bankr. W.D.Va.1984)).

In the instant matter, Plaintiff's motion for summary judgment necessarily rests on whether or not the Award as rendered fulfilled the requisite elements of res judicata or collateral estoppel with respect to the Debtor's fraud and the amount of damages. Because, if as the Plaintiff maintains, these issues of material fact were fully and finally resolved sufficiently to warrant this Court's application of either doctrine to the Award, summary judgment could be granted.

■ Arbitration proceedings can, but do not necessarily, have preclusive effect in subsequent federal court proceedings. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 223, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158 (1985); *McDonald v. City of West Branch, Michigan,* 466 U.S. 284, 284, 104 S.Ct. 1799, 1799, 80 L.Ed.2d 302 (1984); *Benjamin v. Traffic Exec. Ass'n E. R.R.,* 869 F.2d 107, 113 (2d Cir.1989). "Because federal courts are not required by statute to give res judicata or collateral estoppel effect to an unappealed arbitration award, any rule of preclusion [is] necessarily ... judicially fashioned." *McDonald,* 466 U.S. at 288, 104 S.Ct. at 1802. Arbitration decisions have been given preclusive effect when the underlying claim involved securities violations. *Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1360 (11th Cir.1985) (citing *Schattner v. Girard, Inc.,* 668 F.2d 1366, 1369 (D.C.Cir. 1981); *Cullen v. Paine Webber Group, Inc.,* 689 F.Supp. 269, 282 (S.D.N.Y.1988); *Swanson v. Tam (In re Tam),* 136 B.R. 281, 285 (Bankr.D.Kan.1992); *see Norman Kern & Co. v. McNabola (In re McNabola),* 43 B.R. 362, 362–63 (Bankr.N.D.Ill.1984).

■ The doctrine of res judicata, also called "claim preclusion," provides:

> that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

46 Am.Jur.2d *Judgments* § 394 (1969). Moreover, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Alternatively, the doctrine of collateral estoppel, often referred to as "issue preclusion," precludes the relitigation of particular issues in a subsequent action on a different cause of action. 46 Am.Jur.2d *Judgments* § 397. Thus, "[w]hereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown,* 442 U.S. at 139, 99 S.Ct. at 2213.

In *Brown v. Felsen,* the Supreme Court addressed the issue of whether res judicata applied to a dischargeability proceeding in the bankruptcy court after state court litiga-

tion on the debt. The Court held that res judicata did not bar a bankruptcy court from inquiring into the nature of the debt in order to determine its dischargeability.

The Supreme Court in *Brown, supra,* recognizing the exclusive jurisdiction of the bankruptcy courts, held that a bankruptcy court was not precluded by res judicata from considering extrinsic evidence on an issue which would have been litigated in the prior state court proceeding but was not. In that case, the state suit had been settled by a stipulation but the stipulation *did not indicate upon which cause of action the liability was based or whether or not the [debtor] had committed fraud.*

*Spilman v. Harley,* 656 F.2d 224, 226 (6th Cir.1981) (discussing *Brown v. Felsen,* 442 U.S. at 135–36, 99 S.Ct. at 2211–12) (emphasis added). The Court in *Brown* stated that:

[b]ecause res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to the truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry.

*Brown,* 442 U.S. at 132, 99 S.Ct. at 2210.

■ The Award, which is the subject of the instant dischargeability proceeding is similar to the stipulation in *Brown* because neither "indicate[s] upon which cause of action the liability was based or whether or not the [debtor] had committed fraud." *Spilman,* 656 F.2d at 226. This Court, following the Supreme Court's analysis in *Brown,* rejects the application of res judicata to the Award. Thus, in refusing to apply the doctrine of res judicata to the Award, this Court recognizes its responsibility to make "the fullest possible inquiry" into the nature of the debt to accurately determine whether or not the Debtor in fact committed the fraud as alleged by the Plaintiff. *Brown,* 442 U.S. at 138, 99 S.Ct. at 2212; *see Lovell v. Mixon,* 719 F.2d 1373, 1378 (8th Cir.1983) (stating only honest debtors granted discharge).

■ However, this Court's refusal to apply the doctrine of res judicata does not automatically preclude the application of collateral estoppel. Collateral estoppel is applicable in bankruptcy dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). "Because of the differences between collateral estoppel and res judicata, invoking collateral estoppel in a given case may be permissible when invoking res judicata is not." *Benjamin v. Traffic Exec. Ass'n E. R.R.,* 869 F.2d 107, 112 (2d Cir.1989).

■ Plaintiff maintains that under the doctrine of collateral estoppel, Debtor should be barred from relitigating the issues of fraud and damages because they were previously litigated and decided as evidenced by the Award. Thus, Plaintiff argues that the application of collateral estoppel to the Award requires that summary judgment be granted because there are no genuine issues of material fact left to be decided.

In support of her position Plaintiff relies heavily on the Supreme Court's decision in *Grogan.* Although that case applied the doctrine of collateral estoppel in the context of a dischargeability proceeding, the first action there resulted in a fraud judgment and the respondent did not "challenge the conclusion that the elements of the fraud claim proved in the first trial [were] sufficient to establish 'fraud' within the meaning of § 523." *Id.,* 498 U.S. at 280–84, 111 S.Ct. at 656–57. Therefore, collateral estoppel was applied to bar any further litigation of that issue in the subsequent dischargeability proceeding. *Id.,* 498 U.S. at 280, 111 S.Ct. at 656.

Plaintiff also relies on *In re Tam,* where a bankruptcy court citing *Grogan,* found it "appropriate" to give preclusive effect to arbitration findings based on securities fraud in a subsequent adversary proceeding brought to determine the dischargeability of the debt under section 523 of the Code. *In re Tam,* 136 B.R. 281, 285 (Bankr.D.Kan.1992). In *Tam,* the plaintiffs asserted "that the question of whether debtor perpetuated actual fraud on the plaintiffs, determined in accordance with the standards of the United States Bankruptcy Code, was actually litigated before the arbitration panel and necessary to its award," therefore entitling them to summary judgment as a matter of law because no genuine issues of material fact re-

mained. *Id.* at 284. However, the court recognizing that collateral estoppel only precludes relitigation of factual issues when specific elements have been met, analyzed the issues sought to be precluded in light of those elements and granted preclusive effect only to the issues "necessarily decided by the arbitration panel." *Id.* at 285–86.

■ In order for this Court to apply the doctrine of collateral estoppel and grant preclusive effect to the Award, the following four elements must first be satisfied.

> (1) the issue sought to be precluded must be the same as that involved in the prior action;
>
> (2) that issue must have been actually litigated;
>
> (3) it must have been determined by a valid and final judgment; and
>
> (4) the determination must have been essential to the prior judgment.

*Moreno v. Schwartz (In re Schwartz),* 36 B.R. 355, 357 (Bankr.E.D.N.Y.1984); *Wiese v. Sloan (In re Sloan),* 18 B.R. 1021, 1023 (Bankr.E.D.N.Y.1982); *First National Bank v. Overmyer (In re Overmyer),* 52 B.R. 111, 115 (Bankr.S.D.N.Y.1985) (quoting *In re Ross,* 602 F.2d 604, 608 (3d Cir.1979)).

In the present case neither party has disputed the amount of the judgment. However, despite Plaintiff's claim that the issue of fraud should be precluded in the instant adversary proceeding, it appears that the requisite elements for collateral estoppel have not been satisfied.

■ In order to succeed on a claim that a debt is nondischargeable pursuant to section 523(a)(2)(A) the Plaintiff must establish:

> 1) the debtor made the representations;
>
> 2) that at that time [it] knew they were false;
>
> 3) that [it] made them with the intention and purpose of deceiving the creditor;
>
> 4) that the creditor relied on such representations; and
>
> 5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*New York City Housing Auth. v. Gadsden (In re Gadsden),* 128 B.R. 45, 47 (Bankr.

E.D.N.Y.1991); *Farina v. Balzano (In re Balzano),* 127 B.R. 524, 530 (Bankr.E.D.N.Y. 1991); *Minority Equity Capital Corp. v. Weinstein (In re Weinstein),* 31 B.R. 804, 809 (Bankr.E.D.N.Y.1983); *Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1579 (11th Cir.1986). Thus, to prevail on her motion for summary judgment, Plaintiff must establish the existence of these five elements in light of the requirements for collateral estoppel. *See In re Tam,* 136 B.R. at 285–87 (examining elements of collateral estoppel and § 523(a)(2)(A) to determine preclusive effect of arbitration award); *see also In re Schwartz,* 36 B.R. at 357–58; *In re Sloan,* 18 B.R. at 1022–23.

Plaintiff's first two claims against the Debtor as submitted to the arbitrators alleged that his conduct violated federal securities laws and constituted common law fraud. The similarities in the elements of common law fraud and section 10(b) of the Act render the analysis of factual questions the same. *See Freschi v. Grand Coal Venture,* 767 F.2d 1041, 1050 (2d Cir.1985) (listing elements of fraud and noting that they were analyzed under plaintiff's 10b–5 claim thus "it would be repetitious ... to engage in separate discussion [in context of common law fraud]"), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3325, 92 L.Ed.2d 731, *modified,* 800 F.2d 305, *and amended on reh'g,* 806 F.2d 17 (2d Cir.1986).

To prove common law fraud under New York law "requires proof of the traditional five elements of fraud: misrepresentation of a material fact, falsity of that representation, *scienter,* reliance and damages." *Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80 (2d Cir. 1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981). Other courts, in determining whether or not to grant preclusive effect to prior findings of fraud have found that the elements of common law fraud so "closely mirror" the requirements of section 523(a)(2)(A) and were " 'sufficiently identical" ... to meet the first prong of the test for collateral estoppel.' " *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 676 (11th Cir.1993) (applying Florida common law fraud) (quoting *Cardinal Serv. Corp. v. Jolly (In re Jolly),* 124 B.R. 365, 367 (Bankr.

M.D.Fla.1991) (applying Virginia common law fraud)); *Smith v. Beeson (In re Smith),* 128 B.R. 488, 490–91 (S.D.Fla.1991) (applying Indiana common law fraud); *see Corsi v. Berman (In re Berman),* 154 B.R. 991, 1001 (Bankr.S.D.Fla.1993) (elements of § 523(a)(2)(A) "functionally identical" to common law fraud). Moreover, insofar as the arbitrators "[a]fter considering the pleadings, the testimony and the evidence presented at the hearing and post hearing submissions ... decided in full and final resolution of the issues submitted," [10] it appears the elements necessary for a determination of fraud were actually litigated, therefore satisfying the second prong required for the application of collateral estoppel. *See In re St. Laurent,* 991 F.2d at 676. Thus, analyzing the elements of collateral estoppel, it appears to this Court that the requirements of identity of issue and actual litigation have been satisfied. However, this Court need not reach that issue because further analysis reveals that the third and fourth prongs of the test for collateral estoppel have clearly not been satisfied.

This Court notes that arbitrators are not required to reveal or explain the rationale behind their decisions. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union,* 954 F.2d 794, 797 (2d Cir.1992); *Fahnestock & Co. v. Waltman,* 935 F.2d 512, 516 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991), *and cert. denied,* —— U.S. ——, 112 S.Ct. 1241, 117 L.Ed.2d 474 (1992); *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 757 F.Supp. 283, 291 (S.D.N.Y.), *aff'd,* 946 F.2d 883 (2d Cir.1991). An absence of factual findings does not necessarily require that preclusion be denied. *See Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1361 (11th Cir.1985); *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1206 (1st Cir.1987); *Ufheil Constr. Co. v. New Windsor,* 478 F.Supp. 766, 768 (S.D.N.Y.1979), *aff'd,* 636 F.2d 1204 (2d Cir. 1980). However, in the instant case, the absence of factual findings or an explanation of the arbitrators' rationale renders the basis of their decision ambiguous and is fatal to the Plaintiff's motion for summary judgment. *Wing v. J.C. Bradford & Co.,* 678 F.Supp. 622, 628 (N.D.Miss.1987); *Hybert v. Shearson Lehman/American Express Inc.,* 688 F.Supp. 320, 326 (N.D.Ill.1988); *Sports Factory Inc. v. Chanoff,* 586 F.Supp. 342, 346 (E.D.Pa.1984); *see Ufheil Constr. Co.,* 478 F.Supp. at 768 (rationale of arbitrator's award ambiguous in absence of factual findings and presence of multiple claims).

> [T]he arbitrators never made or adopted any findings of fact, and this [C]ourt may not, as [P]laintiff would have it do, infer the factual basis for the arbitrator's decision and then use those inferences to award [P]laintiff summary judgment under the rubric of collateral estoppel.

*Sports Factory Inc.,* 586 F.Supp. at 346. The arbitrators did not indicate the basis of Debtor's liability. Thus, it cannot be said as a matter of law that the issue of fraud was necessary to the arbitrators' decision because although presented with multiple causes of action, the Award itself is devoid of any factual findings and thus could have been based on any one or more theories of liability as set forth in the complaint.

Although the case summary acknowledges Plaintiff's fraud allegations, the arbitrator's silence with respect to the other issues does not compel the conclusion that the award was based solely on fraud. "To allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbitral process...." *Hough,* 757 F.Supp. at 291 (quoting *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 750 (8th Cir.) *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986)). Although fraud was among the issues submitted for determination, other issues were also before the arbitration panel and it is not conclusive as a matter of law that the Award was based on fraud. *See Sports Factory Inc.,* 586 F.Supp. at 346. As previously discussed, the arbitration complaint contained multiple causes of action against the Debtor all seeking identical damages. Therefore, a finding for plaintiff on any one of these claims could

---

**10.** Exhibit F to Plaintiff's Notice of Motion (NASD Arbitration Award Dated August 1, 1993).

have given rise to the relief granted. Indeed, if the Award was based on a theory other than fraud, section 523 would not apply and the debt could be dischargeable.

As the party moving for summary judgment, Plaintiff has the burden of demonstrating the absence of a genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In the instant case there exists genuine questions as to whether or not fraud was the basis of Debtor's liability. Because there were no specific factual findings as to fraud or anything else, it cannot be said that fraud was a finding necessary to the Award. This Court in drawing all inferences in favor of the Defendant, the non-moving party, as is required when considering a motion for summary judgment, finds that it would be inappropriate as a matter of law to give preclusive effect to the Award in the instant dischargeability proceeding. In sum, because the Award could have been based upon any or all of the allegations against the Debtor submitted to arbitration, including violations of section 10(b) of the Act, common law fraud, negligence, recklessness, or violations of section III of the NASD Rules of Fair Practice, it cannot be established that a determination of fraud was made. Moreover, because it cannot be established that the issue of fraud was decided it certainly cannot be determined that a finding of fraud was essential to the Award. Therefore, the third and fourth elements required for the application of collateral estoppel have not been satisfied. Thus, Plaintiff's motion for summary judgment is denied.

### CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Plaintiff's motion for summary judgment is denied.

3. The parties are directed to go forward with this adversary proceeding so as to enable this Court to determine whether the Award is nondischargeable pursuant to section 523(a)(2) of the Code.